# Pennsylvania Savings Fund and Loan Association *v.* George, Appellant.

*Judgment—Judgment index—Mortgage—Priority of lien.*

Where a judgment is entered against a married woman under her husband's name and initials preceded by the word " Mrs.," and is indexed in the judgment index under the same name, and subsequently the married woman executes a mortgage in her own name, the lien of the judgment will be postponed to that of the mortgage, and a purchaser at a sale under the mortgage will take title in preference to a purchaser at a sale under the judgment.

Argued Oct. 22, 1901.    Appeal, No. 65, Oct. T., 1901, by defendant, from judgment of C. P. Washington Co., Nov. T., 1900, No. 101, on verdict for plaintiff in case of Pennsylvania Savings Fund and Loan Association v. W. M. George & Co., Limited. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ.    Affirmed.

Ejectment for a tract of land in Robinson township.    Before McIlvaine, J.

The trial judge stated the facts to be as follows :

On May 25, 1894, judgment was entered against Mrs. W. A. Newton, and in favor of W. M. George & Company, Limited, for $466.77, and the proper entry was made by the prothonotary on the D. S. B. docket and also on the judgment index.    Both of these entries were made on May 25, 1894, and showed a judgment against Mrs. W. A. Newton, and not Mrs. Nancy A. Newton, nor Mrs. N. A. Newton.

On January 10, 1896, the Pennsylvania Savings Fund and Loan Association, the plaintiff in this case, caused to be entered of record in the recorder's office of the county a mortgage, made and duly acknowledged on December 20, 1895, by Nancy A. Newton and her husband William Newton, wherein the land described in the writ in this case was conveyed to it to secure the payment of the sum of $1,100.    To No. 141 of May term, 1899, of this court judgment was obtained by the said Pennsylvania Savings Fund and Loan Association against Nancy A. Newton and William Newton for $1,080.60, upon a scire facias duly issued on said mortgage, and on July 6, 1899, the

plaintiff in this judgment issued a writ of levari facias thereon and upon that writ the sheriff, in due course, sold and conveyed the land described in the writ to the plaintiff in this suit, the deed being acknowledged in open court on August 31, 1899.

On January 20, 1896, ten days after the association's mortgage had been recorded, the prothonotary, at the request of some one acting for Wm. M. George & Company, Limited, erased on the D. S. B. docket, whereupon judgment had been entered against Mrs. W. A. Newton, the letter " W." and substituted the letter " N., "and on the same day entered on the judgment index in favor of Wm. M. George & Company, Limited, another judgment against Mrs. N. A. Newton.

To No. 164, May term, 1898, W. M. George & Company, Limited, caused a writ of scire facias to issue against Mrs. N. A. Newton, alias Mrs. W. A. Newton, sur judgment entered to No. 62, August term, 1894, which was duly prosecuted, and on March 25, 1898, judgment was, on motion of plaintiff's counsel, entered for want of an appearance and affidavit of defense. The plaintiff in this judgment caused a writ of fieri facias to be issued upon this judgment and upon that writ the property was sold and conveyed by the sheriff to W. M. George & Company, Limited, the defendants in this case, the sheriff's deed being acknowledged in open court, May 10, 1899, three months or more before the plaintiff obtained its deed. The person who executed the mortgage to the Pennsylvania Savings Fund and Loan Association, and who executed the note upon which judgment was entered to No. 62, August term, 1894, was one and the same, and her true name was Mrs. Nancy A. Newton, and not Mrs. W. A. Newton. There were no liens against Mrs. Nancy A. Newton except the mortgage of the plaintiff and the judgment of the defendant.

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff.   Defendant appealed.

*Error assigned* was in giving binding instructions for plaintiff.

*David Sterrett,* for appellants.

*J. C. Ewing* and *Harvey Henderson,* for appellee, were not heard.

PER CURIAM, November 8, 1901:

This was an' action of ejectment. In a trial of the same the court below instructed the jury to find a verdict in favor of the plaintiff for the land in dispute. Judgment was entered on the verdict on March 11, 1901. On the appeal to this court it was determined that the case was correctly decided in the court below. We therefore dismiss the assignments of error.

Judgment affirmed.