CITIZENS BANK OF STANTON, APPELLANT, V. W. W. YOUNG ET AL., APPELLEES.

FILED FEBRUARY 8, 1907. No. 14,366.

Judgment Record: ERROR: BONA FIDE PURCHASER. A judgment of a county court against Alex Simon, filed in the office of the clerk of the district court and entered in the judgment docket of that court, but not indexed alphabetically therein, is not a lien on the lands of Simon Alexander, as against a subsequent *bona fide* purchaser without any actual notice of its existence.

APPEAL from the district court for Stanton county: GUY T. GRAVES, JUDGE. *Affirmed.*

*G. A. Eberly,* for appellant.

*W. W. Young* and *A. A. Kearney, contra.*

BARNES, J.

During the pendency of an action in the federal court to foreclose certain real estate mortgages, the plaintiff, a creditor of the mortgagor having knowledge of the pendency of said action, sued the latter by a name other than the one by which he held title to and mortgaged the land; and acquired two judgments against him in the county court. Transcripts of the judgments were filed in the office of the clerk of the district court for the county in which the lands lay, and were entered in the judgment docket, but were not indexed therein. They were, however, indexed in another book called the "general index." The foreclosure suit proceeded to a decree and sale, without intervention of the judgment creditor, and the land in question was bid off by a person not a party to the record for its full value, which was a sum much less than the amount of the mortgages and judgment liens established by the decree. After the sale the defendants, Young and Kearney, for a valuable consideration, obtained from the mortgagor a conveyance of the premises by warranty deed, subject, however, to the decree of foreclosure, and upon application to the federal court were let in to redeem, and did redeem, by paying the purchaser the amount of his bid with 12 per cent. interest from the date of sale, pursuant to the last clause of section 497$a$ of the code. There can be no doubt that this transaction freed the defendants' title from all the liens of the mortgages and the several judgment liens established by and included in the decree of foreclosure. It will be observed, however, that the plaintiff's judgments were not among those established by the decree. After the proceedings in foreclosure and redemption therefrom had been completed, the plaintiff caused executions to be issued and formally levied upon the land in question, and thereupon began this suit in equity, praying for a decree establishing its judgments as liens thereon prior and superior to the title and interest of the defendants, Young and Kearney, and directing a

sale thereof for their satisfaction. The district court found on the issues joined for the defendants, and dismissed the action, and from that judgment the plaintiff brings the case here by appeal.

The evidence shows that the title to the land, as it appeared upon the public records, was in Simon Alexander, and in that name the mortgages, which were foreclosed, were executed; that the foreclosure and redemption proceedings were prosecuted and completed in that name, and the title so remained until the land was conveyed by a deed made by Simon Alexander to the defendants, Young and Kearney, while the plaintiff's judgments, which are the foundation of this suit, were recovered against one Alex Simon. It further appears that the transcripts of the judgments, which were filed in the office of the clerk of the district court, were entered upon the judgment docket of that court, but not indexed therein; that they were indexed in a book, called by the clerk, a "General Judgment Index"; and it is a fact, which is not disputed, that wherever they were recorded or indexed they appeared as judgments in favor of the plaintiff and against Alex Simon. It further appears that the defendants, Young and Kearney, had no actual knowledge or notice of the existence of said judgments until after they had acquired the land by purchase and redemption, as aforesaid. They now contend that the filing of said transcripts did not create a lien upon the lands as against them, and the records are insufficient to impart even constructive notice of their existence.

This contention appears to us to be well founded. At the common law, except for debts due the king, the lands of a debtor were not liable to the satisfaction of a judgment against him, and consequently no lien thereon was acquired by a judgment. If we inquire, therefore, for the basis of the lien of a judgment on land, it must be found in statutory authority. Since such liens are exclusively the creatures of statutes, they can only be obtained by a compliance with the statutory provisions by

which they are created. Under our statutes the lien of a
judgment is not an interest in the real estate of a debtor.
It merely confers the right to levy thereon to the exclusion
of other adverse interests acquired subsequent to the judg-
ment. As above stated, the record title to the land in
question was in Simon Alexander, taken so regularly,
without fraud or concealment, while the plaintiff's
judgments were rendered against Alex Simon, without
any showing, by allegation in their petitions or else-
where, that the defendant therein was known by both
the name of Simon Alexander and Alex Simon; nor was
there any statement or finding as to which was his true
name. As before stated, they were filed in the office of
the clerk of the district court, and were entered in the
judgment docket as judgments against Alex Simon only,
and were not indexed alphabetically in said record. There-
fore we are of opinion that our decision herein should be
ruled by *Metz v. State Bank of Brownville*, 7 Neb. 165.
It appears in that case that on the 21st day of September,
1874, the State Bank of Brownville, Nebraska, recovered
a judgment against one William Hall in the probate court,
and on the 13th day of February, 1875, procured a tran-
script of the judgment, and filed the same in the office of
the clerk of the district court for Richardson county. Hall
at that time was the owner of certain real estate in said
county. The cause of action upon which the judgment
was recovered was a promissory note given by Hall to the
bank, which was signed by Theodore Hill and Lewis Hill
as sureties. No service was had upon either of the sure-
ties, and no judgment taken against them. The transcript
was entered on the judgment record as "State Bank of
Brownville, Neb., v. William Hall, Theodore Hill and
Lewis Hill, partners, as Theodore Hill & Co." The judg-
ment was not indexed in the judgment record in which it
was entered, but was indexed in a book called a "General
Index," as "State Bank of Brownville v. Theodore Hill
& Co." On the 22d day of September, 1875, Hall sold
the real estate in controversy to the plaintiff, Metz, who

had no actual notice of the existence of said judgment. Upon these facts it was held that the lien of the judgment did not attach to the land, so as to affect the rights of the subsequent purchaser. In the opinion it was said: "In addition to the general index provided for by statute, in which the names of parties, both direct and inverse, shall be entered, it is also provided that the judgment record shall contain the *judgment debtor* and the judgment creditor, arranged alphabetically, etc. It is apparent, therefore, that the legislature intended that an alphabetical index should constitute a part of the record. Therefore judgments, which are valid as soon as rendered, do not become liens upon real estate as against subsequent purchasers, without notice, until properly indexed. And such purchasers are not required to search for judgment liens further than to examine the proper index." It was further said "It is an indispensable element in a judgment record, in order to give subsequent purchasers notice of the filing of a transcript, that the names of the parties, plaintiff and defendant, be entered in the alphabetical index."

In the case at bar the names of the plaintiff and defendant were not entered in the alphabetical index to the judgment record, and, even if they had been so entered, such entry of the judgments against Alex Simon, without further explanation, would have been insufficient to impart even constructive notice to a subsequent purchaser of land owned by Simon Alexander. So we conclude that the finding of the district court that the proceedings in question were not sufficient to make the judgments liens upon the land as against the title and interests of the defendants, Young and Kearney, was right, and is fully sustained by the evidence.

The judgment of the district court is therefore

AFFIRMED.