## LONG-BELL LUMBER CO. v. ETTER et al.

No. 16773—Opinion Filed July 6, 1926.

Rehearing Denied Jan. 4, 1927.

**1. Judgment—Lien Attaches Only Where Requirements of Statute Complied with.**

Judgment liens, being statutory and in derogation of the common law, attach only where the requirements of the statute have been, at least substantially, complied with.

**2. Same—Failure to Index Alphabetically under Name of Each Defendant.**

Under sections 690 and 868, C. O. S. 1921, providing that a judgment of a court of record shall be a lien on the real estate of a debtor from and after entry on the judgment docket, and that the judgment docket shall be kept in the form of an index, in which the name of the person against whom the judgment is rendered shall appear in alphabetical order, and that the entry shall be repeated under the name of each judgment debtor, a judgment which is not alphabetically entered in the judgment docket under the name of one of the defendants does not become a lien upon the real estate of that one defendant to the prejudice of a subsequent incumbrancer for value, in good faith, who is without actual notice of such judgment.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Stephens County; M. W. Pugh, Judge.

Action by Long-Bell Lumber Company against R. B. Etter, R. H. Todd Lumber Co., et al.. From a judgment .or Todd Lumber Company, the Long Bell Lumber Company appeals. Reversed.

Baker, Botts, Parker & Garwood and Womack. Brown & Cund, for plaintiff in error.

Wilkinson & Saye, for defendant in error Todd Lumber Company.

Opinion by ESTES, C. The only issue presented in this appeal is a contest for priority between a mortgage lien of the Long-Bell Lumber Company, a corporation, and a judgment lien of R. H. Todd Lumber Company on certain real estate of R. B. Etter. No issue is presented as to the other parties in the action, the status of the mortgage of Duncan Building & Loan Association being fixed by the judgment and no appeal is prosecuted therefrom. The Long-Bell Lumber Company will be referred to as plaintiff, and the Todd Company as defendant. On January 27, 1923. the defendant had judgment in the district court of Stephens county against R. B. Etter and Ralph W. Day for $2,313.66, interest, cost, and attorney fees, the cause being continued for service on a third defendant, J. O. Galloway. This judgment was entered in the judgment docket of the court clerk "2-8-23," February 8, 1923, being alphabetically indexed under the letter "D." The entry showed that the judgment was also against R. B. Etter. but the same was. not indexed under the letter "E" on that date. On March 7, 1923. R. B. Etter gave the plaintiff his promissory note and executed a mortgage on the real estate on which the defendant herein claims a lien under its said judgment, this mortgage being filed for record on March 21, 1923. In the instant action. the plaintiff sued to foreclose its said mortgage against Etter and made the Todd Company defendant. The latter alleged priority of lien on the real estate of Etter under its said judgment. On issues thus joined, judgment was for the defendant, from which plaintiff appeals.

1. Judgment liens are not by the common law, but in derogation thereof by legislative authority. The formalities of docketing by index required by statute must be substantially complied with in all material particulars. Freeman on Judgments (5th Ed.) page 1927, sec. 916, et seq.

2. Plaintiff contends that a judgment of a court of record rendered against several defendants, but which is not alphabetically entered in the judgment docket under the name of one of the defendants, does not become a lien upon the real estate of that one defendant to the prejudice of a subsequent purchaser or incumbrancer for value, in good faith, who is without actual notice of such judgment. This contention must be sustained. Section 690, C. O. S. 1921, provides that:

"Judgments of courts of record of this state * * * shall be liens on the real estate of the debtor within the county in which the judgment is rendered from and after the time the judgment is entered on the judgment docket."

Section 868, Id., providing the manner of keeping such judgment docket. is:

"The judgment docket shall be kept in the form of an index in which the name of each person against whom judgment is rendered shall appear in alphabetical order, and it shall be the duty of the clerk immediately after the rendition of a judgment to enter on said judgment docket a statement containing the names of the parties, the amount and nature of the judgment and costs, and the date of its rendition, and the date on which said judgment is entered on said judgment docket; and if the judgment be rendered against several persons, the entry shall be repeated under the name of each person against whom the judgment is rendered in alphabetical order."

The statutes are plain and explicit as to time when a judgment takes effect as a lien on the real estate of a debtor. and as to the manner of docketing same when there is more than one defendant. As pointed out by Freeman, a judgment may become a lien from the date of its rendition, from the date of its docketing, or from the date of its docketing and the performance of some other act required, according to the terms of the statutes of different states. However, in this state, the effective date is the entry of the judgment upon the judgment docket in the manner provided. The entry herein under the letter "D" is not a substantial compliance with the material particulars of the statute, in order to create a lien on the property of Etter. although Etter was also noted under the letter "D" as a judgment debtor on February 8, 1923. The state of Iowa provided that a judgment should become a lien from the date of its rendition, but also required the keeping by the clerk of indexes of judgment dockets and certain other records. Construing these statutes together, the court, in Aetna Life Ins. Co. v. Hesser (Iowa) 42 N. W. 325, 4 L. R. A.

122, held' that the judgment was not render-ed within the meaning of such statutes, until it was properly indexed, holding that the entry of a lien in the name of "Hesse" was not notice of a lien on the property of "Hesser," and that one searching the records was not put on inquiry by such entry. Under the Texas statute, the indexing seems to be an essential in order to create such lien, and failure to substantially comply therewith prevents attachment of the lien. McLary w. Studebaker, 'etc., of Texas (Tex. Civ. App.) 146 S. W. 676. In San Antonio Loan & Trust Co. et al. v. Davis et al. (Tex. Civ. App.) 235 S. W. 612, it is held that indexing, as required by the statute, is an essential requirement to fix the validity of a lien, and the judgment should be cross-indexed with the names of all the parties. To the same effect is Wilkes v. Miller et al. (N. C.) 72 S. E. 482. In Crouse v. Murphy (Pa. St.) 21 Atl. 358, 12 L. R. A. 58, it is held that the omission of the middle initial in the name of the judgment debtor on the judgment index is fatal to a lien, as against bona fide purchasers. The authorities seem consonant with the rule that the statutory requirement for indexing must be substantially complied with. In 15 R. C. L. 588-9, it is sa'd that indexing is frequently considered an essential part of procedure of docketing a judgment, and until it has been properly indexed, a judgment, in some jurisdictions, does not operate as a lien as regards those without actual notice, and this is true although a transcript of a judgment has been duly filed of record. Freeman on Judgments, supra, says that in the majority of states the proper indexing of defendant's name, or its entry under the proper letter of the docket, is indispensable to the creation of a lien as against a purchaser or incumbrancer in good faith without notice citing Dewey v. Sugg, 109 N. C. 328, 13 S. E. 923, 14 L. R. A. 393; Bell v. Davis, 75 Ind. 314; Citizens Bank of Stanton v. Young, 78 Neb. 312, 110 N. W. 1003.

In the instant case, the judgment docket showed the rendition of another judgment against Etter in favor of other parties on June 27, 1923, and the entry thereof on the judgment docket under the letter "E" on July 5, 1923. Immediately following this entry, the judgment docket showed the entry of the judgment in the instant case, showing date of same to be "2-8-23," that is, the instant judgment of defendant was docketed under the letter "D" on February 8, 1923, prior to' the date of plaintiff's mortgage, and also docketed under the-letter "E" following the entry of said other judg-ment against Etter after the recording of plaintiff's mortgage on March 21, 1923. The court clerk testified positively that the indexing of defendant's judgment under the letter "E" was not done until some time after June 27, 1923, when the later judgment against Etter was rendered, and that the indexing of defendant's judgment under the letter "E" sometime after June 27th was done at the request or suggestion of some interested party; that the indexing under the letter "E" was not done on February 8, 1923, at which time it was in fact indexed under letter "D." It is complained that such evidence was incompetent in variation of the record. With this contention we cannot agree. Such testimony did not vary the solemn record, but was in explanation of its inconsistency and this evidence stands undisputed. Evidently said indexing under the letter "E" was an effort to properly index defendant's judgment in order to effectuate a lien on Etter's real estate according to the statutes herein construed. However, the mortgage lien of plaintiff had intervened and become effective prior to such attempted correction.

"As against property of N. A. N. the lien of a judgment entered and indexed' as against W. A. N., and afterwards corrected to show it was against N. A. N., is inferior to that of a mortgage thereon given by N. A. N. in her proper name, and recorded after the indexing of the judgment, but not before its correction." Penn. Sav. Fund & Loan Ass'n v. George & Co., 201 Pa. 43, 50 Atl. 300.

We conclude, therefore, that the mortgage lien of plaintiff was superior to the judgment lien of defendant, and that the court erred in not so finding.. The effectiveness of a transcript from a justice of the peace court as a lien upon defendant's real estate after the time same is filed with the court clerk is not here involved nor other recording statutes, although argued by defendant. There is no serious contention that plaintiff had actual notice of defendant's judgment. Nothing is shown to place plaintiff upon notice or inquiry. Nor can defendant complain that plaintiff did not search the judgment rolls to ascertain actual knowledge of the fact that defendant's judgment, indexed under "D," was also a judgment against Etter. If defendant's judgment had been indexed under "E" at the same time it was indexed under "D," plaintiff had had constructive notice thereof. The purpose of the statutes aforesaid is the convenience of the public, and particularly the convenience of purchasers and incumbrancers of real estate owned by judgment debtors. The

law contemplates that one about to purchase or take a lien upon real estate should be able to search the judgment docket, as the same is required to be kept by law, and thus obtain actual knowledge of any judgment liens; and that if such one does not so do. he is bound by the constructive notice imparted to him by the proper entry of a judgment.

Let the judgment be reversed, and the cause remanded for further proceedings not inconsistent herewith.

By the Court: It is so ordered.

Note.—See under (1) 34 C. J. p. 572, §880; 15 R. C. L. p. 795. (2) 34 C. J. p. 577, §886; 15 R. C. L. p. 589.