## HARN et ux. v. BOYD.

No. 8269—Opinion Filed Dec. 9, 1919.

(Syllabus by the Court.)

**1. Judgment—Correction of Clerical Errors.**

The courts of record of this state have power to correct a mistake of the clerk in the entry of a judgment or order on the journal so as to make the same conform to the judgment actually pronounced, or the order actually made by the court, at the time.

## 2. Same — Procedure — Amendment After Term.

The correction may be made by an amendment after the term at which the judgment or order was pronounced, or the entry was made, upon motion of a party and upon reasonable notice to the opposite party and opportunity to appear and show cause against the proposed correction.

## 3. Appeal and Error—Harmless Error.

Under section 6005, Rev. Laws 1910, this court is not authorized to set aside any judgment or grant a new trial in any case on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless in the opinion of the court, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right.

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

Consolidated actions by W. W. Boyd against W. F. Harn and Alice Harn, his wife. Judgment for plaintiff, and defendants bring error. Affirmed.

W. F. Harn, for plaintiffs in error.

Shirk & Danner, for defendant in error.

RAINEY, J. The facts of this case may be briefly stated as follows: On May 27, 1914, W. W. Boyd, the defendant in error herein, instituted an action against the plaintiffs in error herein to recover judgment on a promissory note in the principal sum of $7,000, and interest, and, to fix a lien on lots 83, 84, and 85, Harndale Addition to Oklahoma City. The number given this case in the district court was 15600. On the next day Mr. Boyd filed another action against the plaintiffs in error to recover a judgment on a note for $5,200, with interest, and to foreclose a mortgage on lots 67, 68, and 69, Harndale Addition to Oklahoma City. This second case was numbered 15606 in the district court. The proceedings in the district court in these two causes, up to the time of the rendition of judgments therein, were identical. The actions were consolidated and tried together on January 20, 1915, although separate judgments were rendered. In the first action instituted judgment was for the sum of $7,827.50, and in the second action for the sum of $5,778.64. Both judgments carried interest from date of rendition and were declared liens on the lots described in the respective petitions. These judgments were regular, except that the judgment in the first case was erroneously given the number of the second case and the judgment in the second case was given the number of the

first case. These cases were appealed to this court, the appeal from the judgment in the second case being No. 7583 in this court, and the appeal in the first case being No. 7584. On September 7, 1915, the plaintiff in error W. F. Harn paid Boyd $6,092.62 and Boyd released his mortgage on lots 67, 68, and 69, Harndale Addition. On the 28th day of the same month Mr. Harn paid the court clerk the sum of $8,380.93, the amount due at that date on the judgment rendered in the first cause. On the same date Mr. Boyd filed two motions, one to require the clerk to pay him the amount due on his judgment in the first case filed; and the second, to correct the numbers of the journal entries on the judgments. On October 11th, following, after a hearing the trial court found that the judgment actually rendered upon the first cause of action was erroneously given the number of the second case in the journal entry of judgment and upon the record of the court, and that the judgment actually rendered upon the second action was erroneously given the number of the first case, and that the same errors had been made in the subsequent proceedings in the two cases. The court thereupon ordered the records corrected to speak the truth and directed the clerk to pay the plaintiff the sum of money paid into court by Mr. Harn which was due the plaintiff on the judgment rendered in the first case filed. From the findings of fact and conclusions of law W. F Harn and Alice Harn, his wife, excepted and have appealed to this court.

The evidence upon which the orders in the instant case were based is not in the case-made and has not been preserved by bill of exceptions, so the presumption in this court is that the evidence adduced was sufficient to support the findings of fact of the trial court. Mulhall v. Mulhall, 3 Okla. 304, 41 Pac. 109; Bradford v. Cline, 12 Okla. 339, 72 Pac. 369; Powell et al. v. First State Bank of Clinton, 56 Okla. 44, 155 Pac 500; Walker et al. v. Love et al., 62 Oklahoma, 161 Pac. 787.

It is urged by plaintiffs in error that, since the orders from which this appeal is prosecuted were made and entered after the term at which the original judgments were rendered, and since no motion was filed during that term to correct the errors, the trial court was not authorized to correct such errors on the motion filed after the term by the plaintiff procuring said judgments.

It is unnecessary to refer to or to discuss the authorities cited in support of this contention, since they are not applicable to the circumstances presented by the record in this

case, from which it conclusively appears that the judgments were rendered in the proper cases. It being the duty of the clerk to enter the judgments on the record, it was an error on his part to give the judgments the wrong numbers, even though he was induced so to do by inadvertence of the attorney for the plaintiff procuring the judgments.

In Jones v. Gallagher, 64 Oklahoma, 166 Pac. 204, in an opinion by Mr. Justice Miley, we held that the courts of record of this state have power to correct the mistakes of the clerk in the entry of judgments or orders on the journal, so as to make the same conform to the judgments actually pronounced, or the orders actually made by the court at the time, and that such correction may be made by an amendment after the term at which the judgments or orders were procured or pronounced, or the entries were made, upon motion of a party and upon reasonable notice to the opposite party, and opportunity to appear and show cause against the proposed correction. In the case at bar the plaintiffs in error did appear and resisted the correction of the record, but from the facts heretofore stated there can be no question as to the correctness of the court's order.

We deem it unnecessary to specifically discuss the numerous assignments of error argued by counsel for plaintiffs in error, all of which relate to alleged irregularities in the procedure followed in correcting the records. If there were error in such proceedings we would not be authorized to reverse the judgment, for the reason that under section 6005, Rev. Laws 1910, this court is prohibited from setting aside any judgment or granting a new trial on account of any error in any matter of pleading or procedure, unless in the opinion of the court, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right. Our examination of the record convinces us that the appeal in this case is wholly without merit and is palpably frivolous. The plaintiffs in error recognized the validity of the judgments against them and paid the same, and the money which they paid to the clerk of the court was for the benefit of Mr. Boyd, the judgment creditor. It seems to us that the correction of the records to show that both judgments were paid not only did not prejudice the plaintiffs in error, but was beneficial to them, since it relieved their property from the lien of the judgment, which, before the correction, appeared unsatisfied.

Finding no reversible error in the record, the judgment is affirmed.

KANE, JOHNSON, McNEILL, and BAILEY, JJ., concur.