## LOUGHBRIDGE et al. v. TYNES.

No. 11305—Opinion Filed June 12, 1923.

**Appeal and Error—Failure of Defendant in Error to File Brief—Reversal.**

Where the defendant in error fails to file a brief and has not offered any excuse for such failure, and the plaintiffs in error have filed a complete record in the Supreme Court and have served and filed a brief in compliance with the rules of the court, the Supreme Court is not required to search such record to find some theory upon which the judgment below may be sustained; and where the brief filed by the plaintiffs in error appears to reasonably sustain the assignments of error, the court may reverse the case in accordance with the prayer of the petition of the plaintiffs in error.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Love County; Thos. W. Champion, Judge.

Action by Earl Tynes against B. F. C. Loughbridge et al. to enjoin the sale of certain real estate levied on under an execution. Judgment for plaintiff, and defendants bring error. Reversed, with instructions to sustain the demurrer of the defendants.

Sigler & Jackson, for plaintiffs in error.

R. A. Keller and Graham & Logsdon, for defendant in error.

Opinion by JARMAN, C. This is an action filed in the district court of Love county by Earl Tynes, defendant in error, plaintiff below, against B. F. C. Loughbridge and F. N. Smith, sheriff of Love county, to enjoin the sale of certain real estate levied on under an execution.

The petition recites that on March 23, 1916, in the case of Holmes v. Cisco et al., pending in the district court of Love county, the defendant Loughbridge procured a judgment against his codefendant, Cisco, for $468.10; that prior to this judgment, and on May 8, 1915, Cisco executed a mortgage to Everett E. Noble on certain real estate owned by Cisco, which mortgage was assigned to the Schoellkept Saddlery Company, and that said saddlery company thereafter executed to Cisco a release of said mortgage, which was duly filed for record; that thereafter, and on January 18, 1918, Cisco executed a warranty deed to the plaintiff, Tynes, to said land, which was placed of record; that on May 23, 1919, the defendant Loughbridge caused an execution to be issued by the court clerk to the sheriff, Smith, and by virtue of said execution, said sheriff levied on the land in question and advertised the same for sale on July 14, 1919, to satisfy the judgment of Loughbridge; that the defendant, Cisco, had no right, title or interest in said land at the time it was levied on, as he had sold and conveyed the same to Tynes on January 18, 1918, and Tynes was the owner thereof at that time, and the sheriff and Loughbridge are seeking to sell the property of the plaintiff to satisfy the judgment against Cisco, and the plaintiff prays that they be enjoined from so doing, and that the title to said land be quieted in the plaintiff.

To this petition the defendants filed a general demurrer, which was overruled by the lower court. The defendants refused to plead further and judgment was rendered for the plaintiff, enjoining the defendants from selling said land under the execution, and quieting title in the plaintiff, to which judgment the defendants excepted and have duly prosecuted their appeal to this court therefrom.

The defendants contend that, under section 690, Comp. Stats. 1921, the petition of plaintiff shows that the judgment of Loughbridge became a lien on the interest of Cisco at the time it was rendered on March 23, 1916; and that the releasing of the mortgage by the saddlery company, and the conveying of the land by Cisco to the plaintiff, without this judgment being satisfied, did not extinguish or terminate the lien of the judgment creditor, Loughbridge, on said land, which is, therefore, subject to execution sale.

The defendants have filed a complete record in this court and have served and filed their brief in compliance with the rules of this court, and said brief appears to reasonably sustain the assignments of error of the defendants; the plaintiff has failed to file brief and has not offered any excuse for such failure; and under such circumstances the court is not required to search the record to find some theory upon which the judgment of the lower court may be sustained. Incorporated Town of Kusa v. Bouggous, 82 Okla. 204, 200 Pac. 154; Russell & Washington v. Robertson, 82 Okla. 283, 200 Pac. 150; Obialero v. Henryetta Spelter Co., 82 Okla. 274, 200 Pac. 143; Walker v. Robinson, 66 Okla. 56, 166 Pac. 1042; Miles v. Bird, 41 Okla. 428, 138 Pac. 789; Butler et al. v. McSpadden, 25 Okla. 465, 107 Pac. 140.

For the reasons above stated, the judgment of the lower court is reversed, with instructions to sustain the demurrer of the defendants.

By the Court: It is so ordered.