## MOGUL MINING CO. v. SMITH.

No. 11437—Opinion Filed Nov. 13, 1923.

**1. Appeal and Error—Absence of Answer Brief—Review.**

Where plaintiff in error has filed his brief in a cause pending in this court, and the defendant in error has neither filed a brief, as required by Rule 7 of the rules of this court, nor advanced any reason or excuse for such failure to file brief, this court is not required to search the record for the purpose of discovering some theory upon which the judgment of the trial court may be sustained, but may reverse or affirm the judgment at its discretion.

**2. Same—Reversal.**

Briefs of plaintiff in error examined, and the same reasonably sustain the errors assigned.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from County Court, Ottawa County; C. S. Wortman, Judge.

Action by W. H. Smith against the Mogul Mining Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

M. W. Hinch, for plaintiff in error.

Opinion by RUTH, C. This was an action originally filed in the justice of the peace court for Ottawa county, by defendant in error, plaintiff below, against the plaintiff in error, defendant below, and afterwards appealed to the county court of Ottawa county, and from a judgment for plaintiff, the defendant appeals. For convenience the parties hereto will be designated as they appeared in the court below.

The original opinion was filed in this case on June 19, 1923, and the cause was dismissed for the reason that no petition in error was attached to the case-made. It was subsequently found that the petition in error had become detached, and upon its discovery in the files of the clerk of this court, it was found to have been filed on May 22, 1920, being the same date upon which the case-made was filed, and bore the filing mark of the Supreme Court clerk as of that date, and the opinion heretofore filed dismissing the appeal is, for the reason above stated, withdrawn.

Plaintiff in his bill of particulars alleges that he entered into a contract with the defendant to repair a certain pump, "beat the water in the shaft" on mining property of the defendant, and shoot around the holes, for which defendant agreed to pay plaintiff the sum of $60. Plaintiff then alleges the completion of the work and the defendant's refusal to pay.

This cause was tried to a jury and a verdict returned for plaintiff. Defendant filed its motion for a new trial, and upon such motion being overruled, this cause is regularly brought here for review. During the course of the trial the defendant objected to the introduction of certain evidence, and at the conclusion of the evidence, the defendant excepted to instructions numbered two and four, as given by the court, and assigns as error that the verdict of the jury and judgment of the lower court are not sustained by the evidence and are contrary to both the evidence and the law; the trial court erred in giving the jury instruction number two: the trial court erred in giving to the jury instruction number four.

The plaintiff in error filed its brief as required by the rules of this court, but the defendant in error has neither filed his brief nor advanced any reason or excuse for his failure to file the same, and:

"This court is not required to search the record for the purpose of finding some theory upon which the judgment of the court may be sustained but may affirm or reverse the same at its discretion." Loughbridge et al. v. Tynes, 91 Okla. 78, 215. Pac. 1052.

We have carefully considered the brief of the plaintiff in error, and as it reasonably sustains the assignments of error complained of, this cause should be reversed and remanded to the trial court, with instructions to grant the defendant a new trial.

By the Court: It is so ordered.