**TYNES v. SMITH, Sheriff, et al.**

No. 15058—Opinion Filed Dec. 16, 1924.

**Subrogation—Payment of First Mortgage by Vendee—Intervening Rights of Judgment Creditor.**

When the vendee in payment of the pur-

chase price of real estate pays indebtedness secured by a first mortgage, and the mortgage is released and discharged of record, he is not subrogated to the lien of that mortgage, as against a judgment creditor whose judgment was duly filed of record in the absence of an assignment of the mortgage, or an agreement that he should be subrogated to the rights of the mortgagee.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Love County; Asa E. Walden, Judge.

Action by Earl Tynes against F. N. Smith, sheriff, et al. Judgment for defendants, and plaintiff brings error. Affirmed.

Keller & Cameron, for plaintiff in error.

Sigler & Jackson, for defendants in error.

Opinion by JONES, C. This suit was instituted in the district court of Love county, Okla., by plaintiff in error against the defendant in error, praying for a permanent injunction against the defendant. F. M. Smith, sheriff of Love county, enjoining the said sheriff from levying an execution and selling the lands of the plaintiff, Earl Tynes, to satisfy a certain judgment in favor of the defendant B. F. Laughridge, and against one James Cisco. The case was tried before the court on an agreed statement of facts, the defendant interposed a demurrer to the same, as the evidence in the case, and a motion for judgment on the pleadings and the agreed statement of facts, which demurrer and motion were sustained by the court, and judgment rendered in favor of the defendant and against the plaintiff, refusing to grant the relief sought; from which order and judgment of the court plaintiff in error prosecutes this appeal and sets forth various assignments of error, but the principal proposition urged is, that the plaintiff was subrogated to the rights of the mortgagee in a certain mortgage and therefore his right was superior to, and should prevail as against the defendant, Laughridge, a judgment creditor.

The facts, as disclosed by the record, show that in May, 1915, James Cisco, who was the owner of the land in controversy at that time, joined by his wife, made and executed to E. E. Noble a mortgage upon said lands, together with other lands, to secure the payment of an indebtedness in the sum of $1,826.94; that the said Noble assigned said mortgage, together with the note secured thereby, to G. H. Schoellkop Saddlery Company; that thereafter the defendant Laughridge recovered a personal judgment against the said James Cisco for the sum of

$468.10, and filed a transcript of said judgment in the office of the county clerk of Love county, Okla., in the year 1916.

In January, 1918, the appellant here, Earl Tynes, entered into negotiations with the said Cisco for the purchase of the land involved, and the said Tynes and Cisco made an agreement, whereby it was agreed that if Tynes would settle the indebtedness secured by the mortgage with the Schoellkop Saddlery Company that he, Cisco, would convey the land to the said Tynes. Pursuant to said agreement, Tynes made a settlement with the said saddlery company, whereby he agreed and did pay said company the sum of $1,300 in full settlement of the indebtedness and the said mortgagee executed a release of the mortgage and placed same of record, and immediately thereafter the said Cisco conveyed the lands involved to the appellant, Tynes, in consideration of the payment made to said saddlery company; and thereafter the appellee herein, Laughridge, caused an execution to issue on the judgment obtained against Cisco, the original owner of said land, and the sheriff, Smith, appellee herein, is attempting to enforce the collection of said judgment by a levy on the lands involved, now owned and occupied by the appellant, Tynes.

The agreed statement of facts upon which the case was tried substantially conforms to the statement of facts heretofore made, and in addition thereto, it is agreed that the execution was issued within five years, and more than one year after the date of the judgment, and that this was the first and only execution issued under said judgment, and that this action was brought for the purpose of enjoining the sale of the land under the execution. And that the value of the land was and is not more than $1,300 (the amount paid by Tynes to the mortgagee), and that the plaintiff, Earl Tynes, had no actual knowledge of the existence of the Laughridge judgment.

The court in rendering its judgment announced that same was based upon the authority of the case of Kahn v. McConnell, 37 Okla. 219, 131 Pac. 682, and in the second paragraph of the syllabus thereof, the court announced the following rule:

"When the vendee, in payment of the purchase price of real estate, pays indebtedness secured by a first mortgage, he is not subrogated to the lien of that mortgage as against a second mortgagee whose mortgage is duly recorded at the time of purchase."

This case is similar in many respects to the case at bar. In that case, as in the

instant case, the purchaser approached the owner of the land and offered to buy same, and the owner referred him to the mortgagee, stating that if he, the purchaser, could satisfy the mortgagee concerning the indebtedness he, the owner, would convey the land to the prospective purchaser. The suggestion was put in execution, and the mortgagee cancelled the notes, delivered same to the prospective purchaser, who in turn delivered them to the owner of the land, who then executed a conveyance. And the court, in passing upon this state of facts, holds that the purchaser in making the payment was a volunteer, that he was under no duty to buy the land, and that he was under no duty to pay the first mortgage, and was negligent in doing so without examining the records, and was without relief.

The cases of Campbell v. Hamilton (Tenn.) 39 S. W. 805; Stanley v. Pease, 124 Iowa,, 587, 100 N. W. 482, and many other authorities, are cited in the McConnell Case from various states of the Union in support of this rule, and the Kahn-McConnell Case has been followed and re-affirmed in the case of Owen v. Interstate Mortgage Trust Co., 88 Okla. 10, 211 Pac. 87, in the 4th paragraph of the syllabus of which this court announces the following rule:

"One who having no interest to protect, voluntarily loans money to a mortgagor for the purpose of satisfying and cancelling a prior mortgage, taking a new mortgage for his own security, cannot have the former mortgage revived, and himself subrogated to the rights of the mortgagee therein where he has failed to take an assignment of the prior mortgage and has voluntarily paid and discharged the same of record."

This is an application of the same rule to a slightly different state of facts, and while the appellants call attention to some authorities which conflict with the authorities relied on, we are bound by the decisions of our own court. In the case of Richardson v. Hockenhill et al., 85 Ill. 124. a rule is announced which supports the contention of appellant, and which is followed in the case of Bowling v. Garrett, 49 Kan. 504, but our court having adopted a different rule, we think the judgment of the court in sustaining the demurrer and granting the motion for judgment on the pleadings, or the agreed statements of facts, was in conformity with the decisions of this court, and we therefore recommend that the case be affirmed.

By the Court: It is so ordered.