Argued July 7, affirmed July 28, rehearing denied September 15, 1925.

## JOSEPH DELSMAN v. JOHN D. WILCOX ET AL.

(237 Pac. 973.)

Judgment—Lien of Docketed Judgment Held to Expire Ten Years from Renewal Order, Notwithstanding Order Extended It Longer.

Under Section 206, Or. L., lien of a judgment *held* to expire ten years from the date of its renewal and re-entry in docket, in view of Section 205, notwithstanding renewal order recited that lien was to continue for full ten-year period after expiration of original judgment lien by limitation.

See (1) 34 C. J. 620, 621.

From Multnomah: GEORGE W. STAPLETON, Judge.

Department 1.

The plaintiff above named recovered judgment against the defendant Wilcox and others on July 27, 1899. Several executions were thereafter issued on said judgment, the last of which was issued on the twelfth day of November, 1902. On January 12, 1912, upon a motion supported by a proper affidavit, the judgment was renewed and redocketed. The order renewing the judgment contained this language:

"It is therefore considered, ordered and adjudged

1. See 15 R. C. L. 809.

that the said judgment as to the Defendant John D. Wilcox be and it is renewed for a ten year period from November 12, 1912, and that a new entry thereof be made in the judgment docket for the full amounts now shown to be unsatisfied by the record herein."

On the thirty-first day of October, 1922, the plaintiff took another order for the renewal of said judgment, as against the defendant, John D. Wilcox. The original judgment was taken by default and the two orders renewing it were taken *ex parte*. Soon after the second renewal of the judgment the defendant Wilcox appeared and moved the court for an order to set aside and hold for naught the renewal made on October 31, 1922, and to strike from the judgment docket the entry of said judgment made on the last-named date, for the reason that the lien of said judgment had expired and the court had no authority to make the order renewing the judgment on October 31, 1922. The sole question presented by this appeal is whether or not the lien of the judgment created by the order of renewal made on January 12, 1912, expired ten years from that date or ten years from the twelfth day of November, 1912.

AFFIRMED. REHEARING DENIED.

For appellant there was a brief and oral argument by *Mr. Robert C. Wright.*

For respondent there was a brief over the name of *Messrs. McCamant & Thompson,* with an oral argument by *Mr. Ralph ·H. King.*

COSHOW, J.—A lien upon the property of a judgment debtor exists by authority of the statute. The lien is not created by the judgment entry in the court journal nor the pronouncement of the court, but by

the entry in the judgment docket: Section 205, Or. L.; *Western Sav. Co.* v. *Currey*, 39 Or. 407 (65 Pac. 360, 87 Am. St. Rep. 660); *Stannis* v. *Nicholson*, 2 Or. 332. The lien of the judgment of plaintiff against the defendant Wilcox, created by the re-entry in the judgment docket on January 12, 1912, therefore expired on January 12, 1922, unless the language in the order made on that date operates to prevent it.

"The time fixed by the statute cannot be prolonged by the courts * * ." 34 C. J. 621, § 944, note 58.

"Where a statute merely provides that a judgment shall be a lien upon real estate for a specified number of years, the lien exists only during such period." 34 C. J. 622, § 945, notes 75 and 76.

The entry of the judgment in the judgment lien docket is a clerical function. The statute provides that "the clerk shall docket the same in the judgment docket": Section 205, Or. L. The entry in the judgment docket may be made at any time after the judgment has been entered by the clerk. The statute directs that this be done immediately after the rendition of the judgment, but if the clerk omits performing this duty it may be entered at any time thereafter. The lien, however, of the judgment would date, not from the date of the judgment, but from the date it is entered in the judgment docket: *Sabin* v. *Kyniston*, 81 Or. 358, 362 (159 Pac. 69). The renewal of the judgment made and entered in the judgment docket on the twelfth day of January, 1912, expired, therefore, by limitation on the twelfth day of January, 1922. The order of the court renewing the judgment could not constitute a lien. By the terms of the statute the judgment became a lien from the date it was entered. The statute provides that it shall continue for ten years: Section 206, Or. L. The lien of the original judgment expired November 12,

1912. The lien of the first renewal expired on January 12, 1922.

It is contended by the defendant Wilcox that because the order renewing the judgment in January, 1912, provided in effect that the lien should continue from the twelfth day of November, 1912, the plaintiff is bound thereby whether or not that order was right or wrong, but the courts are not above the law: *Howe v. Kern,* 63 Or. 487 (125 Pac. 834, 128 Pac. 818), is not in point. There a question requiring judicial determination was involved. Here no such question was presented. Only the clerical function of entering on the judgment docket the judgment is to be considered. That is a mere ministerial act, requiring no judicial attention. The language of the statute is clear to the effect that the lien exists from the date of the judgment entry in the judgment lien docket. It continues ten years from that date. The court is wholly without authority to extend it beyond that date.

"As no court is above the law, and as all courts must enforce the law as it is written, it necessarily results that a lien, created and limited by statute, cannot be extended beyond the period fixed by the lawmakers." *McAfee* v. *Reynolds,* 130 Ind. 33, 38 (28 N. E. 423, 30 Am. St. Rep. 194, 18 L. R. A. 211).

It follows, therefore, that the court was without authority to make the order renewing the judgment lien on the thirty-first day of October, 1922. The order made by the court was void, not merely voidable. The order of the Circuit Court setting aside that void order is affirmed. AFFIRMED. REHEARING DENIED.

McBRIDE, C. J., and BURNETT and RAND, JJ., concur.