## RICHARDS et al. v. TYNES.

No. 19524. Opinion Filed June 9, 1931.

236

Tomerlin & Chandler, Troy Shelton, and Keller & Cameron, for plaintiffs in error.

Sigler & Jackson and J. Woody Dixon, for defendant in error.

McNEILL, J. This suit was brought to recover a judgment against W. L. Richards. court clerk of Love county, Okla., and his surety, for failure and neglect of said court clerk to enter a certain judgment on the judgment docket. The parties, for convenience, will be referred to as they appeared in the trial court. Earl Tynes, defendant in error, as plaintiff, and W. L. Richards and American Surety Company of New York, a corporation, plaintiffs in error, as defendants.

W. L. Richards was the duly elected, qualified, and acting court clerk of Love county during the time in question, and the American Surety Company of New York executed its bond as his surety, as required by law, in the sum of $2,000. Said plaintiff alleges, in substance, that on the 23rd day of January, 1916, there was rendered in said district court a certain judgment in favor of B. F. C. Loughridge against James Cisco, and thereafter, on the 18th day of January, 1918, plaintiff purchased a certain tract of land comprising 40 acres in said county from said James Cisco and paid therefor the sum of $1,200; that before the same was purchased he secured an abstract from the Jordan Abstract Company for the purpose of ascertaining whether or not said land was free from all liens; that the same shows that no judgments were liens against the property, and relying upon the fact that there was no judgment against James Cisco, plaintiff purchased the same; that there was in truth and in fact a judgment against James Cisco in favor of B. F. C. Loughridge for several hundred dollars, and that the negli-

gence and carelessness of said defendant Richards in failing to place the same on the judgment docket was the direct and proximate cause of the plaintiff herein purchasing said land; that on the 23rd day of May, 1919, an execution was duly issued out of said court in favor of said Loughridge and against James Cisco; that the sheriff of said county levied on the land so purchased by said plaintiff and threatened to sell the same; that the said defendant Richards requested plaintiff for permission . to file in plaintiff's name a suit praying an injunction against said Loughridge and said sheriff enjoining them from selling said land; that plaintiff permitted said Richards to prosecute said suit in his name; that plaintiff was thereby induced not to file a suit against said Richards and his bondsmen during the pendency of said suit; that said suit was prosecuted by said Richards for his benefit and the benefit of his cosurety, American Surety Company, to relieve them from any liability because of the wrongful acts of said Richards. Plaintiff further alleges that the said Richards continuously assured plaintiff that he would pay said judgment; that plaintiff relied upon such representation until an execution was issued and levied upon the land and the same was sold; that plaintiff thereby lost the land and in addition thereto $1,000, expended on improving the same; that he was damaged in the sum of $2,200 by reason of the negligence and carelessness of said defendant Richards, and prays for judgment against said defendant Richards in the sum of $2,200, and judgment against the defendant American Surety Company of New York in the sum of $2,000.

The defendant Richards filed his separate answer to said petition by way of general denial, and in addition thereto pleads that said cause of action is barred by various statutes of limitation pleaded therein, and alleges that if said judgment was rendered on January 23, 1916, as set forth in plaintiff's petition, and the same was not entered upon the judgment docket as required by the statute by defendant Richards, such failure on the part of defendant would confer no right of action as against this defendant or the surety on his official bond, for the same would not have been a lien upon the property alleged by plaintiff to have been purchased; and states that the plaintiff was not damaged or injured by reason of the said alleged failure to enter said judgment upon the judgment docket. The surety company filed a similar answer.

It was stipulated at the trial, in substance,

by and between the parties, that on the 23rd day of January, 1916, the said Richards was the duly qualified and acting court clerk of Love county, Okla., and that the American Surety Company of New York was the surety on his official bond in the sum of $2,000; that the judgment heretofore mentioned was rendered in the district court on the 23rd day of January, 1916, in favor of said Loughridge and against said Cisco; that it was the duty of said Richards to place said judgment on the judgment docket, which said Richards failed to do; that the amount of the judgment was $468.10 with $50 attorney fees, interest and costs; that on January 18, 1918, said Cisco sold the land in question, owned by him, to plaintiff; that plaintiff had an abstract made of the land, but the abstract failed to show this judgment, because it was not properly docketed; that there was filed in the district court of Love county the aforesaid suit, Earl Tynes v. F. N. Smith and said Loughridge, wherein judgment was rendered in favor of defendants therein and affirmed by the Supreme Court on December 16, 1924 (105 Okla. 100, 234 Pac. 637); thereafter an execution was issued out of said district court, the land levied uopn, sold by the sheriff to Loughridge; and that the American Surety Company executed the bond of the defendant Richards in the sum of $2,000 covering the term of office of said Richards beginning January 4, 1915.

There seems to be no conflict in reference to the evidence in this case. The defendants contend that the judgment in favor of Loughridge and against Cisco was not entered on the judgment docket and was not a lien on plaintiff's property; that plaintiff's damage was not caused by the failure of Richards to enter said judgment upon the judgment docket, but by the wrongful levy, execution, and sale of the property by the sheriff; and that the negligence of Richards was not the cause of the damage.

This is the third time that plaintiff has been to this court concerning the land in question. The first suit was filed in the district court of Love county, styled "Earl Tynes, Plaintiff. v. F.N. Smith, Sheriff, and B. F. C. Loughridge, Defendants," which was determined by this court on the 12th day of June, 1923, and reported in 91 Okla. 78, 215 Pac. 1052; the second case was filed in same court of said county, styled "Earl Tynes v. F. N. Smith, Sheriff, and B. F. C. Loughridge, Defendant," which was determined by this court on the 16th day of December, 1924. and reported in 105 Okla. 100, 234 Pac. 637.

A summary of the undisputed facts, gleaned from the aforesaid opinions and the briefs filed therein, are substantially as follows:

James Cisco was the original owner of the land in controversy. On May 8, 1915, he executed a note to Everett E. Noble in the sum of $1,826.94, and gave as security therefor a mortgage on the premises in question. This note and mortgage were assigned by Noble on the 31st of July, 1915, to G. H. Schoellkop Saddlery Company of Dallas, Tex., whose successor was Schoellkop Company. On May 23, 1916, in the district court of Love county, in an action in which Willard P. Holmes was plaintiff and James Cisco and B. F. C. Loughridge et al., were defendants, the said Loughridge obtained a judgment against his codefendant, James Cisco, in the sum of $468.10. This judgment was not entered on the judgment docket by said Richards, court clerk, defendant herein, and the same was rendered subsequent to the time the aforesaid mortgage, executed by Cisco to Everett E. Noble, was filed for record. Thereafter, Tynes and Cisco entered into an agreement for the sale of land in question, whereby it was agreed by and between them that if said Tynes would settle the indebtedness secured by the mortgage to said Saddlery Company, the said Cisco would convey said land to him in consideration of the settlement of said indebtedness. Pursuant to said agreement, Tynes made a settlement with said Saddlery Company, paying said company the sum of $1,300 on January 10, 1918, in full settlement of its indebtedness represented by said mortgage, and obtained a release of same.

By reason of said agreement and settlement, the said Cisco, on January 18, 1918, executed and delivered to said Tynes a warranty deed to the premises in question, and said deed and release were duly filed for record on the 31st of January, 1918. Thereafter, on May 23, 1919, said Loughridge caused an execution to issue on said judgment obtained by him against Cisco, on May 8, 1915, and the sheriff of said county after levying on the land in question advertised the same for sale on July 14, 1919, to satisfy said judgment.

Then the plaintiff, Tynes, by his first action sought an injunction against B. F. C. Loughridge and F. N. Smith, sheriff of Love county, to enjoin the sale of said premises levied on under said execution, setting forth in his petition that said Loughridge had procured aforesaid judgment against said Cisco

for $468.10; that prior to this judgment said Cisco had executed a mortgage to said Noble, which had been assigned to the Saddlery Company; that the Saddlery Company subsequently executed to said Cisco a release of said mortgage, and thereafter said Cisco executed a deed to said plaintiff, Tynes, to said land; that on May 23, 1919, after the recording of the release and said deed, said Loughridge caused an execution to be issued by the court clerk to the sheriff, and said sheriff by virtue of said execution levied on the land in question, and advertised the same for sale to satisfy the judgment of Loughridge.

Plaintiff further contended that said Cisco had no right, title, or interest in the land at the time it was levied on by reason of the fact that Cisco had sold and conveyed the same to plaintiff; that plaintiff was the owner thereof at that time, and prayed that defendants be enjoined from proceeding with said sale, and that the title to said premises be quieted in plaintiff .

The court overruled a demurrer to this petition, and defendants refused to plead further. Judgment was thereupon rendered quieting title in plaintiff and enjoining the defendants from selling said land. The defendants appealed from said judgment and filed their brief in said cause in the Supreme Court, and plaintiff filed no brief. This court stated in its opinion (91 Okla. 78, 215 Pac. 1052), as follows:

"The defendants contend that, under section 690 of 1921 Compiled Statutes, the petition of plaintiff shows that the judgment of Loughridge became a lien on the interest of Cisco at the time it was rendered on March 23, 1916; and that the releasing of the mortgage by the Saddlery Company, and the conveying of the land by Cisco to the plaintiff, without this judgment being satisfied, did not extinguish or terminate the lien of the judgment creditor, Loughridge, on said land, which is, therefore, subject to execution sale.

"The defendants have filed a complete record in this court, and have served and filed their brief in compliance with the rules of this court, and said brief appears to reasonably sustain the assignments of error of the defendants; the plaintiff has failed to file brief, and has not offered any excuse for such failure, and, under such circumstances, the court is not required to search the record to find some theory upon which the judgment of the lower court may be sustained. * * *"

"For the reasons above stated, the judgment of the lower court is reversed, with instructions to sustain the demurrer of the defendants."

It is to be observed that no mention is made in the pleadings, brief or in the opinion of this court, in reference to the purchase of said premises upon reliance of any court records, or that plaintiff was an innocent purchaser for value without notice of said judgment, nor are there any pleadings to the effect that the judgment of Loughridge was not entered on the judgment docket. Counsel for defendants in their brief in that case contended as follows: "There is no contention made in the petition that Loughridge's judgment was not a lien on this land, and the statute provides that it shall be a lien from the date it is rendered." This is an erroneous statement of the law. Section 690, C. O. S. 1921, provides as follows:

"Judgment of courts of record of this state, except county courts, and of courts of the United States, rendered within this state, shall be liens on the real estate of the debtor within the county in which the judgment is rendered from and after the time the judgment is entered on the judgment docket."

The plaintiff, Tynes, did not urge in said action the question of whether or not Loughridge's judgment was a lien on the premises by reason of the failure of the court clerk to enter the same on the judgment docket; and this court did not pass on the question of whether or not the judgment of Loughridge was a lien on the premises in question as against any rights of the plaintiff, Tynes. Plaintiff did not contend that he was an innocent purchaser of this property for value without notice or that he had relied upon the records of the court in the purchase of said premises. This court overruled the trial court denying plaintiff, Tynes, any relief in said injunction suit.

In the second action between the same parties, which was also instituted in the district court of said county, the said plaintiff, Tynes, prayed for a permanent injunction against said defendants, seeking to enjoin them from selling the premises on the execution levied on the land in question to satisfy said Loughridge's judgment against Cisco.

In the petition, plaintiff states, in part, as follows:

"Plaintiff says that prior to the purchase of said land and prior to his payment of the mortgage indebtedness against the same, he caused an abstract of the title to said premises to be compiled by the Jordan Abstract Company of Marietta, Love county, Okla., bonded abstracters; that said abstract did not disclose the existence of the judgment in

favor of the defendant, Loughridge, and against the said Cisco, and that plaintiff had no knowledge of its existence at the time he purchased said land and paid off said indebtedness against the same, and that had he known of the said judgment and claim of the defendant, Loughridge, he would have protected his interest by a foreclosure of the said Schoellkop mortgage; that the lands involved herein are not worth more than said mortgage indebtedness at the time plaintiff purchased the same. * * *

"Plaintiff further says that by reason of the facts above set forth, plaintiff is entitled to be treated as the equitable assignee of the Schoellkop note and mortgage and to be subrogated to all the rights that the G. H. Schoellkop Saddlery Company, and its successor, had therein, and to have the rights of the defendant, Loughridge, under his judgment subordinated to plaintiff's rights under said mortgage."

This matter came on for hearing before the trial court on an agreed statement of facts. The defendants interposed a demurrer and motion for judgment upon the pleadings and the agreed statement of facts, which demurrer and motion were sustained by the trial court, and judgment rendered in favor of the defendants and against the plaintiff refusing to grant the relief sought. The plaintiff, Tynes, then appealed to this court relying primarily on the proposition that he, as plaintiff, was subrogated to the rights of the mortgagee, the Saddlery Company, and therefore his right was superior and should prevail against the defendant, Loughridge, the judgment creditor.

In this case, also, there was no pleading on the part of plaintiff to the effect that he was seeking any relief on the ground that the court clerk had failed to enter the judgment of Loughridge on the judgment docket. This court in that case held adversely to the contention of the plaintiff, Earl Tynes; the syllabus in that case being as follows:

"When the vendee in payment of the purchase price of real estate pays indebtedness secured by a first mortgage, and the mortgage is released and discharged of record, he is not subrogated to the lien of that mortgage, as against a judgment creditor whose judgment was duly filed of record in the absence of an assignment of the mortgage, or any agreement that he should be subrogated to the rights of the mortgagee."

An analysis of the circumstances surrounding the prior litigation in reference to the premises in question shows that this court, in the first action instituted by plaintiff, held that plaintiff was not entitled to restrain the sheriff and Loughridge from proceeding to sell said premises under the issues therein presented; and, in the second action, that plaintiff was not entitled to have a permanent injunction against the said sheriff and said Loughridge. The direct question of the negligence of the court clerk was not an issue in either of those cases, nor was the question presented by the pleadings or determined by this court as to whether or not the judgment of Loughridge was a lien on the premises in question. The gist of his prior litigation was to the effect of whether or not the plaintiff, Tynes, was subrogated to the rights of the mortgagee, the Saddlery Company. The court held that he was not subrogated to the rights of the mortgagee as against a judgment creditor, in the absence of an assignment of the mortgage or an agreement that he should be subrogated to the rights of said mortgagee. The plaintiff had effected a discharge of the mortgage, the first lien on the premises in question, and could not, by reason of the manner in which he had proceeded to effect this discharge, be subrogated to the rights of said mortgagee, although he had discharged said mortgage indebtedness in good faith, so far as shown by this record.

All this litigation which had been incurred was immaterial in so far as the question herein is presented. It was and is of no avail to plaintiff. He stands in the same position as if no action had ever been instituted by him or on his behalf. This court, in neither of said cases, determined that the judgment of Loughridge was a lien on said land. It was not a lien, and could not be such until the court clerk entered the same on the judgment docket. All liens are statutory, and there was no attempt at a substantial compliance with statutory requirements in this case. Judgments of courts of record of this state are liens on the real estate of the debtor within the county only from and after the time the same are entered upon the judgment docket. Section 690, C. O. S. 1921.

The judgment of Loughridge was not entered on the judgment docket prior to the time the land was conveyed by Cisco to plaintiff. It was an official, ministerial duty of the court clerk to enter said judgment on the judgment docket. This duty was imposed upon him by statute for the protection and information of the general public, and any one having occasion to examine such records has the right to rely upon the information obtained therefrom.

It was the plain duty of the court clerk, immediately after the rendition of the said

240

judgment, to enter the same on the judgment docket, as provided by section 868, C. O. S. 1921, and his failure to properly index the same was a breach or neglect of his official duty; but liability for such breach or neglect of official duty inures only in favor of one who was prejudiced thereby. Upton v. Slater (N. J.) 85 Atl. 225; 34 Cyc. 1022. See, also, Appleby v. State, 45 N. J. Law 161. In this case, the plaintiff, as purchaser of said real estate, took it charged with the lien of only such judgments as were actually entered on the judgment docket at the time of the purchase.

It is apparent that there was an unlawful and unauthorized levy and sale of the premises in question; but had the judgment of Loughridge been entered on the judgment docket at any time prior to the sale of the premises by Cisco to plaintiff, then the judgment of Loughridge would have constituted a lien on said premises, and the same could have been sold under said execution. At the time of said levy the judgment of Loughridge was not a lien on said premises, and at that time the said Cisco had no right, title, or interest in and to said real estate, in the absence of any showing of fraud or that the said sale had been made by Cisco to Tynes for the purpose of hindering or delaying any creditor, as provided by section 5271, C. O. S. 1921. Such levy and sale were wrongfully made. The aforesaid alleged damages, if any, resulted to plaintiff by reason of the wrongful levy, execution, and sale of said property by said sheriff, and not by reason of the failure and neglect of the court clerk to enter the aforesaid judgment on the judgment docket, though it was his bounden duty to do so.

The courts have universally announced and applied the rule that the law imposes upon a public officer the performance of ministerial duties in which a private individual has a special and direct interest, and such officer will be liable to an individual for any injury which he proximately sustains in consequence of the failure or neglect of such officer, either to perform the duty at all or to perform it properly. Mechem on Public Officers, section 664.

The judgment is reversed and remanded with directions to enter judgment in favor of said defendants.

CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. LESTER, C. J., and HEFNER, J., absent.