## In re STAPLES.
### No. 1846.

District Court, N. D. Oklahoma.
Oct. 27, 1932.

Frank Nesbitt, of Miami, Okl., for bankrupt.

Richard L. Wheatley, of Vinita Okl., for respondent First Nat. Bank of Bluejacket.

FRANKLIN E. KENNAMER, District Judge.

On October 8, 1932, John Henry L. Staples filed his voluntary petition in bankruptcy and was adjudged a bankrupt. Application was made by the petitioner for an order restraining the sheriff of Craig county, proceeding under an execution levied upon real and personal property of the petitioner, from selling the same to satisfy a judgment

rendered May 14, 1932, for $8,838.50, in favor of the First National Bank of Bluejacket, Okl., against the bankrupt and others. Certified copies of the court records of the state District Court of Craig county, Okl., have been introduced in evidence in support of the application. It appears from the record evidence in cause No. 5371, First National Bank of Bluejacket v. G. W. Fincannon, et al., judgment was entered on May 14, 1932, against the bankrupt and other defendants. That thereafter on June 24, 1932, the court directed the clerk to amend his minutes by interlineation to include an additional amount of $405.80. The judgment as rendered by the court on the 14th day of May, 1932, was entered upon the judgment docket of said court as of date of May 17, 1932, more than four months prior to the filing of the petition and the adjudication in bankruptcy herein. The formal journal entry of judgment signed by the trial judge was entered in the journal of the court on July 12, 1932, and the contention has been made in support of the application for restraining order herein that the entry of the judgment on the journal of the court constituted the judgment of the court, and that the judgment having not been entered on the journal of the court until the 12th day of July, the lien created thereby was within the four months of the adjudication of bankruptcy and is invalidated by the bankruptcy proceedings. Section 437, Oklahoma Statutes, 1931, provides: "Judgments of courts of record of this state, except county courts, and of the United States rendered within this state, shall be liens on the real estate of the judgment debtor within the county in which the judgment is rendered from and after the time such judgment is entered on the judgment docket."

In view of the statutory provisions hereinafter set out, the contention of the petitioner on the application for restraining order cannot be sustained. The error in the position of counsel for the petitioner is that the journal of the court is not the judgment docket. The following sections of the Oklahoma Statutes, 1931, are pertinent to a proper determination of the question here presented.

"416. A judgment is the final determination of the rights of the parties in an action."

"432. All judgments and orders must be entered on the journal of the court, and specify clearly the relief granted or order made in the action."

"72. The clerk of the district court shall keep an appearance docket, a trial docket, a journal, a judgment docket, an execution docket and such other books as may be ordered by the court or required by law."

"74. On the journal shall be entered the proceedings of the court of each day. * * *"

"75 [O.S.1931]. JUDGMENT DOCKET—INDEX. The judgment docket shall be kept in the form of an index in which the name of each person against whom judgment is rendered shall appear in alphabetical order, and it shall be the duty of the clerk immediately after the rendition of a judgment to enter on said judgment docket a statement containing the names of the parties, the amount and nature of the judgment and costs, and the date of its rendition, and the date on which said judgment is entered on said judgment docket; and if the judgment be rendered against several persons, the entry shall be repeated under the name of each person against whom the judgment is rendered in alphabetical order."

It will here be observed from a consideration of section 75 of the statutes, supra, that the judgment docket is a different record from that of the journal of the court as provided for in section 432, supra. It is clear from a consideration of the provisions of section 437 that it is the entry of the judgment of the court in the judgment docket, that is, the docket provided for by section 75 of the statute, supra, that creates the lien upon the real estate of the judgment debtor within the county in which the judgment is rendered. The judgment docket provided for by section 75 is not an index to the journal of the court, but as the section provides, the judgment docket is to be kept in the form of an index in which the names of each person against whom judgment is rendered shall appear in alphabetical order.

The judgment lien is purely a creation of the statute and depends for its existence upon a compliance with the statutory requirements. Long-Bell Lbr. Co. v. Etter, 123 Okl. 54, 251 P. 997; Richards v. Tynes, 149 Okl. 235, 300 P. 297, 301. The only statutory requirement made a condition precedent to the entry of a judgment on the judgment docket is, as expressed by section 75, supra, "the rendition of a judgment."

" "The "rendition of a judgment" * * * is an entirely different thing from the entry of it. The former is the act of the law through the mouth of the judge; the latter the act of the clerk. The former gives force and efficacy to the judgment; the lat-

622

ter preserves a memorial of it. The former is a judicial act; the latter a ministerial act.' Jaqua v. Harkins, 82 N. E. 920, 922, 40 Ind. App. 639 (quoting and adopting the definition in 1 Black, Judg. § 179)." See 4 Words and Phrases, Second Series, page 267.

In the case of Ashinger v. White, 106 Okl. 19, 232 P. 850, it was held that the statute requiring all judgments and orders to be entered on the journal of the court, specifying clearly the relief granted or order made is directory, and a compliance with said requirement is not essential to the validity of the judgment or order.

■ In Oklahoma, as generally, the functions of the clerk in a court of record are purely ministerial; he having only the power to enter upon the judgment docket the sentence of the law as declared by a duly constituted judge. Maroney v. Tannehill, 90 Okl. 224, 215 P. 938.

In all the Oklahoma cases relating to judgment liens, apparently the only requirement made to perfect such a lien is that the judgment be entered on the judgment docket. See Oil Well Supply Co. v. Cremin, 143 Okl. 57, 287 P. 414, 68 A. L. R. 1471; Long-Bell Lumber Co. v. Etter, supra; Richards v. Tynes, supra; Miller v. J. I. Case Threshing Machine Co., 149 Okl. 281, 300 P. 399. The Supreme Court of Oregon, considering a judgment lien statute somewhat similar to that of Oklahoma, says: "The lien is not created by the judgment entry in the court journal nor the pronouncement of the court, but by the entry in the judgment docket." Delsman v. Wilcox, 115 Or. 501, 237 P. 973.

Referring again to Richards v. Tynes, supra, we find the Oklahoma Supreme Court announcing: "It was the plain duty of the court clerk, immediately after the rendition of the said judgment, to enter the same on the judgment docket, as provided by section 868, C. O. S. 1921, and his failure to properly index the same was a breach or neglect of his official duty. * * *"

But in that case, the court held that, although it was a breach of his official duty for the clerk to fail to enter the judgment on the judgment docket immediately after its rendition, if the clerk failed to enter same on the judgment docket no lien attached by reason of the judgment. This clearly shows that the entering on the judgment docket "is the act which creates the lien," and that nothing else is required by the Oklahoma statute after the court "renders the judgment" by pronouncing from the bench "the sentence and the law upon the facts in controversy as

ascertainedly the pleadings and the verdict or finding."

From the above authorities and in the light of sound reasoning, it seems clear that the proceedings of the District Court of Craig county on May 14th, as evidenced by the court minutes of that date, show the "rendition of a judgment" in favor of the bank and against the bankrupt in the sum of $8,838.50 by said court, and the subsequent entry of this judgment on the judgment docket by the clerk on May 17, 1932, in the performance of his ministerial duty under a plain statutory mandate pursuant to O. S. 1931, § 75, supra, created a lien in favor of the bank on the real estate of bankrupt located in Craig county, attaching as of May 17, 1932, the date of entry.

■ The bank claims no lien by reason of the additional judgment of $406.80, and is entitled to none, because both its rendition as a judgment, and the entering on the judgment docket, were within the four months period preceding bankruptcy, and the lien created, if any, was thereby voided.

The Oklahoma cases relied upon by bankrupt as holding that where a case-made does not affirmatively show that the judgment appealed from has been entered in the journal of the court, the appellate court is without jurisdiction to review the case, are not in point here, for in such decisions the court was only deciding what is necessary to evidence a judgment for the purposes of appeal. The question of what is necessary to create a judgment lien was not involved in any of them.

■ As to the second proposition raised by bankrupt, I think the direction to the clerk to amend the minutes to show an additional amount due had the effect of a readjudication, is without merit. Section 556, O. S. 1931, provides:

"The district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made: * * *

"Third. For mistake, neglect or omission of the clerk, or irregularity in obtaining a judgment or order. * * *"

And when a judgment is modified all liens or securities obtained under it shall be preserved to the modified judgment. O. S. 1931, § 560. If the court by the proceedings shown by the minute entry of June 24th was correcting a clerical error or misprision, ample authority is found for such action in section 556, O. S. 1931, supra, and also in the following Oklahoma decisions: Hall v. Local

623

Building & Loan Ass'n, 117 Okl. 174, 245 P. 548; Jones v. Gallagher, 64 Okl. 41, 166 P. 204, 10 A. L. R. 518; Co-Wok-Ochee v. Chapman, 76 Okl. 1, 183 P. 610; Harn v. Boyd, 77 Okl. 10, 185 P. 1092.

Such a change in the judgment would not amount to a new judgment. Hall v. Local Building & Loan Association, supra, McConville v. Superior Court, 78 Cal. App. 203, 248 P. 553. In the last cited case it is said (248 P. loc. cit. 554): "If the amendment be regarded as having been made to correct a mere clerical error, the first judgment stands as the final judgment of the court. * * * On the other hand, if the correction was of a judicial error, the order of the court directing the amendment was a nullity; the amendment made was void. * * *"

So in this case, if the act of the court on June 24th was for the purpose of correcting a judicial error and in such correction attempted to give an additional judgment, such action was a nullity, and, consequently, did not affect the judgment of May 14th. The bank does not, and in no event could, claim any additional lien under the action of the court on June 24th, as such action was within the four months' period. It could not be said this action was a vacation or setting aside of the former judgment, and the rendition of a new one. The language of the court cannot bear such implication, and nothing else in the record warrants it.

My conclusion is that the judgment herein involved having been rendered more than four months prior to the adjudication in bankruptcy, and entered in the judgment docket of the state District Court of Craig county, constitutes a valid lien upon the real estate of the judgment debtor, Staples, and that the levy of the execution upon said real estate and the sale thereof under said execution is a valid enforcement of the judgment lien. See Straton v. New et al., 283 U. S. 318, 51 S. Ct. 465, 75 L. Ed. 1060. The application for injunction is denied.