### WHITE HOUSE LUMBER CO. v. HOWARD et al.

No. 19145. Opinion Filed March 18, 1930.

Stacy Wells, for plaintiff in error.

Don L. Wakeman and Sidney M. Swearingen, for defendants in error.

ANDREWS, J. The parties hereto appear in the same order as they appeared in the trial court, and they will be referred to as plaintiff and defendants.

The petition of plaintiff alleged that a certain judgment was rendered on the 16th day of November. 1925, in favor of the plaintiff and against the defendant J. W. Howard for a sum of money, a copy of the judgment being attached to the petition; that the judgment was on a claim which was past due on March 27, 1924, on which date David J. Howard died intestate, the owner of the real estate involved in this action and leaving the defendant H. W. Howard an heir and entitled to an undivided one-eighth interest in said real estate; that the defendants Warren A. Howard and Giles W. Williams claimed an interest in the property which they acquired from the defendant J. W. Howard, and which was subject to the judgment lien of the plaintiff. The prayer was for establishment and foreclosure of the lien. The defendants Warren A. Howard and Giles W. Williams answered admitting that David J. Howard died intestate, the owner of the property as alleged by the plaintiff, and that they claimed an interest in the property, and denying the other allegations of the petition. They further alleged that they are the owners of the property by virtue of an administrator's sale in the county court in the probate proceedings on the estate of David J. Howard, deceased, and that they purchased the same for the sum of $6,600.

The cause was tried on an agreed statement of facts and at the conclusion thereof the court rendered a judgment decreeing the defendants Warren A. Howard and Giles W. Williams to be the owners of the property and that the plaintiff had no right, title, or interest therein.

The only questions presented by the appeal are stated by the plaintiff, as follows:

"Did plaintiff hold a judgment lien against the undivided one-eighth interest in the real estate of defendant J. W. Howard acquired by reason of the death of his ancestor and assigned to him by final decree of the county court in the probate of said estate of said ancestor; and, if so, was said lien divested by partition sale of said land in the county court, wherein said interest was purchased by the defendants Warren A. Howard and Giles W. Williams?"

It was agreed by the parties in the statement of facts that, after the death of the said David J. Howard, his estate was duly probated by the county court of Beaver county, Okla., a court having jurisdiction of the subject-matter of the said action. No attack is made upon the regularity of this proceeding.

The issue of law presented by this appeal is identical with that involved in cause No. 18902, Oil Well Supply Co. v. Cremin, 143 Okla. ___, 287 Pac. 414. We deem it unnecessary to discuss the reason for the rule announced, and hold:

A judgment of a district court of this state

is a lien on the real estate of the debtor within the county in which the judgment is rendered from and after the time the judgment is entered on the judgment docket (section 690, C. O. S. 1921), but the same is a lien only on the actual interest therein of the judgment debtor, whatever that may be. Guaranty State Bank of Okmulgee v. Pratt, 72 Okla. 244, 180 Pac. 376.

The real property of one who dies without disposing of it by will passes to the heirs of the intestate, subject to the control of the county court, and to the possession of any administrator appointed by that court for the purpose of administration (section 11300, C O. S. 1921), and prior to the distribution thereof by the county court, the actual interest of an heir of the intestate is undetermined and subject to a determination thereof by the county court.

The right of an heir to real estate in this state of an intestate is governed by the law of this state (section 8400, C. O. S. 1921), and is acquired by succession as provided by the laws of this state Section 8552, C. O. S. 1921. The probate procedure of the state controls the manner of passing of the title to the real estate, and the heir is dependent for his title, not only upon the statutes of succession (art. 4, chap. 93, C. O. S. 1921), but upon the probate procedure for the determination and distribution thereof.

Under the provisions of sections 12 and 13 of art. 7 of the Constitution, the county court is given the general jurisdiction of a probate court and authority to transact all business appertaining to the estate of the deceased person, including the sale, settlement, partition, and distribution of the assets thereof, and, under the provisions of section 1079, C. O. S. 1921, that court has jurisdiction and power to order and regulate all distribution of property or assets of the deceased person. That jurisdiction and power is required to be exercised, and the rights of an heir to the property of an intestate are determined by the decree of that court in the administration proceedings.

The jurisdiction and power of the county court to sell, settle, partition, and distribute the assets of the estate of an intestate includes the jurisdiction and power to order the sale of the real estate at public sale for the purpose of distributing the proceeds thereof among the heirs and to approve such a sale. The purchaser acquires thereby all the right, title, interest, and estate of the decedent in the premises at the time of his death, and that title is not subject to a lien of a judgment against another heir to the same estate.

The lien of a judgment against an heir to the real estate of an intestate attaches only to that portion of the real estate of the intestate, if any, distributed by the county court to the judgment debtor, and when any portion of such real estate is so distributed, the lien of the judgment relates back to the time of its entry on the judgment docket.

The judgment of the trial court is affirmed.

MASON, C. J., and HUNT, CLARK, HEFNER, CULLISON, and SWINDALL, JJ., concur. LESTER, V. C. J., and RILEY, J., absent.