## WALTERS MOTOR CO. et al. v. MUSGROVE et al.

No. 27807. Jan. 18, 1938.

Walter Hubbell, for plaintiff in error.

J. W. Brooks, for defendant in error.

DAVISON, J. The plaintiffs, J. E. Musgrove, Dora Ballard, and Nina Grimes, filed their petition against the defendants, Walters Motor Company, a corporation, and S. C. Stimpson, praying for judgment quieting title to certain real estate and for damages. Judgment was entered for plaintiffs, but damages were disallowed. Defendants have appealed.

The facts disclosed by the plaintiffs' petition and the record show that Eva E. Musgrove died intestate on or about October 24, 1934, leaving certain real estate and leaving as sole heirs to her estate, her children, A. E. Musgrove, J. E. Musgrove, Dora Ballard, and Nina Grimes.

The defendant Walters Motor Company had obtained a judgment against A. E. Musgrove on July 4, 1932, which was filed for record on July 11, 1932, and duly recorded on the judgment journal. On the 26th day of October, 1934, A. E. Musgrove executed a deed conveying all of his title and interest in said estate to his sister, Nina Grimes. The deed was filed for record on the 29th day of October, 1934. Thereafter, and on February 15, 1935, J. E. Musgrove was appointed administrator of the estate of Eva E. Musgrove. On February 29, 1936, the final account of the administrator was approved by the county court and an order of distribution of the estate was entered.

The county court found that A. E. Musgrove was not interested in the estate because of his having executed a deed conveying all of his inherited interest in said estate and in the estate of James T. Musgrove, deceased. The rightful heirs to the estate and the interest inherited by each was determined by the court and the portion inherited by A. E. Musgrove was assigned by the county court to Nina Grimes, to whom it had been conveyed.

The judgment creditor caused execution to be issued on its judgment and levy was made on an undivided one-fourth of said real estate, the interest alleged to be owned by A. E. Musgrove. Thereupon this suit was brought by the plaintiffs to quiet title on the premises and for damages.

It is not shown that the interest assigned by A. E. Musgrove or any part of the estate was required for purpose of administration and settlement of debts against the estate, and no partition of the property was had through the court.

The only question presented to this court may be stated as follows: Will a voluntary assignment by an heir, of his interest in an estate, prior to the institution of probate proceedings wherein the estate is subsequently probated and the interest assigned distributed to the assignee, exclude a judgment lien against the interest of the assignor in the property obtained prior to such an assignment?

Section 1615, O. S. 1931, provides:

"The property, both real and personal, of one who dies without disposing of it by will, passes to the heirs of the intestate, subject to the control of the county court, and to the possession of any administrator appointed by that court for the purpose of administration."

Section 1366, O. S. 1931, under distribution and settlement of estates, provides:

"Partition or distribution of the real estate may be made as provided in this chapter, although some of the original heirs, legatees, or devisees may have conveyed their shares to other persons, and such

shares must be assigned to the person holding the same, in the same manner as they otherwise would have been to such heirs, legatees, or devisees."

Under the provisions of section 437, O. S. 1931, the judgment of the district court rendered against A. E. Musgrove, the judgment debtor, became a lien on his real estate within that county from and after the time such judgment was entered on the judgment docket.

In Oil Well Supply Co. v. Cremin, 143 Okla. 57, 287 P. 414, cited by plaintiffs, this court held:

"The right of an heir to real estate in this state of an intestate is governed by the law of this state (section 8400, C. O. S. 1921), and is acquired by succession as provided by the laws of this state. Section 8552, C. O. S. 1921. The probate procedure of the state controls the manner of passing of the title to the real estate, and the heir is dependent for his title, not only upon the statutes of succession (art. 4, chap. 93, C. O. S. 1921), but upon the probate procedure for the determination and distribution thereof."

The fact that the title to the interest of an heir to an estate depends upon the probate procedure for the determination and distribution of the estate does not keep such heir from having an interest in the estate prior to any probate proceedings or distribution of the estate. Where a person dies without disposing of his property by will, it passes to the heirs of the intestate subject to the control of the county court and possession of any administrator appointed by such court. Oil Well Supply Co. v. Cremin, supra; White House Lumber Co. v. Howard, 142 Okla. 163, 286 P. 327. The property may be entirely consumed by payment of indebtedness against the estate, and the real estate may be sold for that purpose. The land may not be capable of partition in kind among the several heirs and may be sold by order of the court. That was true in the cases cited above. In the Oil Well Supply Co. v. Cremin Case, supra, one of the heirs to the estate accepted the property at its appraised value and the property was confirmed to him by the decree of the court. The heir against whom a judgment had been obtained was found to have an interest in the estate, but was never decreed title to any portion of same. The title to any particular portion was consumed by the sale of the land, and while the judgment creditor could have set up equitable rights in the portion of the proceeds of the sale coming to his judgment debtor, the real estate obtained through partition procedure was not subject to the judgment lien.

In the latter case cited, the judgment debtor, being an heir to the estate involved, sold his interest therein as was done in the instant case. The real estate belonging to the several heirs was sold through administration proceedings. The parties who had formerly purchased the interest of the judgment debtor also purchased the entire interest in the real estate at the administrator's sale. This court held that the real estate so purchased was not subject to execution on the judgment of the former heir and judgment debtor.

No such situation exists in the instant case, and the cases we have cited and which are relied upon by the plaintiffs are not controlling. In White House Lumber Co. v. Howard, supra, this court held:

"The lien of a judgment debtor against an heir to real estate of an, intestate attaches only to that portion of the real estate of the intestate, if any, distributed by the county court to the judgment debtor, and when any portion of such real estate is so distributed, the lien of the judgment relates back to the time of its entry on the judgment docket."

The plaintiffs construe this holding to mean that, if no particular portion of the estate is distributed to the heir who is a judgment debtor, but his portion is assigned under the provisions of section 1366, O. S. 1931, supra, to his grantee, then the lien that existed against the interest of the judgment debtor would no longer exist against such interest in the real estate in the hands of the assignee. We cannot agree with this interpretation. Such a construction would grant a privilege to a judgment debtor not contemplated by the makers of the statute and would result in opening a door for fraud. The assignee, Nina Grimes, took the interest inherited by A. E. Musgrove impressed with the judgment lien subject to the action of the probate court and the administrator acting under the order of the court. It was not shown to be necessary that the property be sold by administration and the proceeds consumed in the payment of indebtedness against the estate. There was no sale of the property by partition or otherwise by order of the county court. When the county court determined who the legal heirs to the estate were and the portion of the estate inherited by each, the definite interest of the judgment debtor had been determined and technically distributed, and it was only necessary for the court to assign the interest that had been sold, to the person holding same, as pro-

vided in section 1366, O. S. 1931, supra. The statute says "and such shares must be assigned to the persons holding the same."

In Martinovich v. Marsicano, 137 Cal. 354, 70 P. 459, that court, interpreting the statute identical with section 1366, O. S. 1931, and from which our statute was taken, said:

"The provision in that section that 'Such share must be assigned to the person holding the same in the same manner as they otherwise would have been to such heirs, legatees, or devisees,' instead of implying that the distributee takes the share discharged of any mortgage or judgment lien thereon made or suffered by the heir or devisee in favor of third persons, clearly indicates that he takes it subject to such lien or incumbrance."

In the case of Oil Well Supply Co. v. Cremin, supra, it was contended that the property purchased at the administrator's sale was subject to the lien of the judgment debtor, who had assigned his interest in the estate; the court said:

"The case of Martinovich v. Marsicano (Cal.) 70 P. 459, cited by the defendants, is not in point. There the devisee, prior to distribution conveyed her share in the property to another. There was no partition of the property by order of the county court."

It is very clear that it was never intended that the statute here considered should be so construed as to allow the lien of a judgment creditor against the inherited interest in an estate to be destroyed by mere assignment of such interest.

The judgment of the trial court is reversed, and the cause remanded, with instructions that judgment be entered for the defendants.

PHELPS, CORN, GIBSON, and HURST, JJ., concur.