## WILSON v. FIRST NAT. BANK OF MIAMI, OKLA.

No. 28635.    Feb. 28, 1939.

Rehearing Denied March 28, 1939.

Dennis H. Wilson and Perry Porter, for plaintiff in error.

E. C. Fitzgerald, for defendant in error.

WELCH, V. C. J. It is contended upon two grounds that the trial court erred in sustaining a demurrer to the defendant's answer.

In connection with the first question presented here, we recite the following facts:

Plaintiff in error, Wilson, on May 9, 1935, obtained a judgment against one Merriam, who was then the owner of the land involved herein; the judgment was indexed on the judgment docket under the name of other judgment debtors, but was not so indexed under Merriam's name; subsequently defendant in error, bank, obtained a deed to the property from Merriam with no actual knowledge of the judgment. Wilson claims the lien of her judgment is superior to the rights of the bank under its deed.

The question thus presented must be resolved in favor of the bank under authority of Long Bell Lbr. Co. v. Etter et al., 123 Okla. 54, 251 P. 997, wherein it is held:

"Under sections 690 and 868, C. O. S. 1921, providing that a judgment of a court of record shall be a lien on the real estate of a debtor from and after entry on the judgment docket, and that the judgment docket shall be kept in the form of an index, in which the name of the person against whom the judgment is rendered shall appear in alphabetical order, and that the entry shall be repeated under the name of each judgment debtor, a judgment which is not alphabetically entered in the judgment docket under the name of one of the defendants does not become a lien upon the real estate of that one defendant to the prejudice of a subsequent incumbrancer for value, in good faith, who is without actual notice of such judgment."

And Richards et al. v. Tynes, 149 Okla. 235, 300 P. 297, as follows:

"A purchaser of real estate in good faith takes it charged with the lien of only such judgments which are actually entered on the judgment docket at the time of the purchase."

Plaintiff in error relies upon Keys & Co. v. First National Bank et al., 22 Okla. 174, 104 P. 346; Dabney v. Hathaway, 51 Okla. 658, 152 P. 77, and other cases to the effect that when the holder of a chattel mortgage has filed the same with the county clerk he has done all that he can do under the law and such filing protects him from subsequent encumbrances, although the county clerk omits to properly index the same as required by law.

The two lines of decisions construe separate statutes respectively: The statute relating to judgment liens, section 690, C. O. S. 1921, provides that the lien attaches "from and after the time such judgment is entered on the judgment docket," and the above cases construing the same hold that the lien does not come into existence as to subsequent innocent purchasers until entered upon the judgment docket as provided by the statutes. Such construction seems to have had legislative sanction, for it is to be observed that subsequent legislation on the same subject, chapter 2, art. 2, S. L. 1931, employs the same phraseology.

The statutes construed in the cases dealing with chattel mortgages require only that the mortgage "be filed by depositing the same in the office of the register of deeds of the county where the property mortgaged or any part thereof is at such time situated." Although the statutes prescribe the system to be employed by the county clerk in filing, it was concluded that the depositing of same for filing was sufficient to constitute constructive notice under that statute.

The several opinions are of long standing and should now be regarded as fixing the law with reference to the respective questions.

In connection with the second proposition, we recite the following additional facts:

At the time the bank took the deed from Merriam, the bank held a mortgage of Merriam covering these lots and other lands, to secure a substantial indebtedness. At the time of taking deed the bank did not execute a release of the mortgage as to the lots conveyed by the deed. About two years and five months later the bank executed and recorded a release of the mortgage as to the lots conveyed by the deed, providing therein that "the mortgage should remain in full force and effect against other property described in said mortgage."

Plaintiff in error, Wilson, upon these facts contends as a matter of law that the bank kept and retained its mortgage on these lots, and therefore the deed passed no title to the bank; that notwithstanding the deed, the bank, as a matter of law, continued to be merely a mortgagee of said lots, and that when it released the mortgage as to those lots, full title thereto became reinvested in Merriam, and that, therefore, as a matter of law, the bank has no title or interest in these lots, and plaintiff in error has a valid judgment lien thereon.

No authority is cited supporting this contention, and to the answer presenting this contention we conclude that the trial court properly sustained a demurrer.

We have many times held that a deed from mortgagor to mortgagee might, upon proof of intention, be shown to be other than an absolute conveyance, but those authorities are not applicable here. The plaintiff in error, Wilson, does not allege or contend, as a matter of fact, that the intention of the Merriam deed was other than to pass full title. Plaintiff in error rests her case upon the contention of law as above stated, and we think the trial court's decision against that contention was correct.

The judgment of the trial court is affirmed.

OSBORN, GIBSON, DAVISON, and DANNER, JJ., concur.