FIDELITY & DEPOSIT CO. OF MARYLAND v. DeGRAW et ux.

No. 32637. March 25, 1947.

*178 P. 2d 885.*

A. C. Markley, of McAlester, for plaintiffs in error.

J. M. Grubbs, of Cushing, for defendant in error.

DAVISON, V.C.J. This action was commenced in the district court of Payne county, Okla., by L. D. DeGraw and Helen X. DeGraw, as plaintiffs, against Fidelity & Deposit Company of Maryland, as defendant, to quiet plaintiff's title to the house and lots involved herein against any interest or adverse claims of defendant. The cause was tried without the aid of a jury and the

court rendered judgment in favor of plaintiffs, and defendant has perfected this appeal. We will continue to refer to the parties by their trial court designation.

The plaintiffs' petition alleged title and actual possession of the property involved herein to be in plaintiffs. The defendant, in its answer, averred that it had a valid, existing judgment lien on the property by reason of a judgment against one J. H. Cochran, who was plaintiffs' immediate grantor, and prayed to have its alleged judgment lien quieted as against the plaintiffs. Defendant's answer denied that plaintiffs held title to the property and contended that J. H. Cochran was still the legal and equitable owner of the real estate and that plaintiffs' only interest in the property was an executory contract to purchase, with the right of possession, with none of the precedent conditions completed or performed. A copy of the contract to purchase was attached to defendant's answer.

Plaintiffs, by reply, denied that defendant had a valid and existing lien on the property. The reply admitted the execution of the contract and pleaded that they had made final settlement under the contract and that the deed had been delivered to them and placed of record.

Defendant filed a motion for judgment on the pleadings, which was denied by the court. This question will be discussed at a later place in this opinion.

The evidence discloses that on December 10, 1935, the defendant obtained a judgment against George S. Cochran and James H. Cochran in the district court of Payne county, Okla., for the principal sum of $735.05 and that the judgment against them was entered and filed on the judgment docket on August 3, 1938. That on August 18, 1937, the plaintiffs entered into a contract with James H. Cochran and wife, whereby plaintiffs agreed to pay $680 in monthly installments to the last-named Cochrans in consideration of the said Cochrans' delivering warranty deed for the property herein involved to plaintiffs; the deed, contract and note for the purchase price all being executed and placed in escrow with the Farmers National Bank of Cushing. That under the terms of the agreement plaintiffs were to pay the taxes and insurance covering the property. The evidence further discloses that the contract was placed of record, and that on or about April 25, 1939, the contract of sale was fully performed, the contract price fully paid, and the deed delivered to plaintiffs and placed of record. The evidence further shows that plaintiffs had actual and continuous possession of the property from the date of the contract, to wit, August 18, 1937, until the date the present suit was filed.

Defendant first argues that the trial court should have sustained its motion for judgment on the pleadings. Defendant reasons that plaintiffs did not claim nor prove any interest in the real estate, except that of possession; that plaintiffs had only a possessory interest, and that their only writings as to acquiring any interest in the title is their executory contract to purchase. On this point defendant states that plaintiffs neither alleged nor proved that any of the precedent conditions of their agreement to have been fully performed before the commencement of their suit and that plaintiffs stated no legal grounds for the quieting of their title. This contention is without merit. The pleadings alleged and the proof disclosed that full and complete payment had been made for the deed, and the deed delivered and placed of record before the filing of the present action. The plaintiffs had both legal title and possession, and were therefore entitled to maintain the action to quiet title by reason of 12 O.S. 1941 §1141.

Under the facts in the present case the defendant had no valid and existing judgment lien on the property herein involved. The judgment through which defendant claims an interest in

the property was rendered in 1935 and filed for record in 1938. The present action was commenced in 1945, approximately seven years after the above referred to judgment was filed for record and approximately ten years from the date of the judgment. The defendant's answer alleged that an execution was issued on said judgment in October, 1940. The record is silent, however, as to any proof of the issuance of a writ of execution which would have kept the judgment alive. This burden was on the defendant. The defendant did not attempt to prove that an execution was ever, at any time, issued on said judgment. Where execution is not issued within five years after the date of a judgment rendered in any court of this state, such judgment becomes dormant, and ceases to operate as a lien on the estate of the judgment debtor. 12 O.S. 1941 §735.

The judgment is affirmed.

HURST, C.J., and RILEY, BAYLESS, WELCH, CORN, GIBSON, and ARNOLD, JJ., concur.