SMITH et al. v. CITIZENS NAT. BANK IN OKMULGEE.

No. 33816.    May 8, 1951.

Rehearing Denied May 22, 1951.

*232 P. 2d 618.*

Robert R. Smith, Tulsa, and C. B. McCrory, Okmulgee, for plaintiffs in error.

Steele & Boatman, Okmulgee, for defendant in error.

HALLEY, J. On June 26, 1925, the Citizens National Bank of Okmulgee obtained a money judgment against C. D. Collins in the district court of Okmulgee county for $760.10 and $76 attorney fees. The case was No. 13377. In 1933 this judgment was assigned to the Citizens National Bank in Okmulgee. Executions were issued in 1925, 1930, 1935, 1940, 1945, and 1946, and all returned "no property found." After the assignment of the judgment, no change was made in the style of the case, nor in the praecipes or executions, in which the word "plaintiff" was used.

On April 24, 1945, Ellen M. Collins, the mother of the judgment debtor, C. D. Collins, died intestate, leaving as her heirs C. D. Collins and three other children. Two of her children, Donna Smith and Rita Cox, qualified as administratrices of the estate of Ellen M. Collins, deceased, in the county court of Okmulgee county, where she left certain real estate.

On March 26, 1946, C. D. Collins conveyed his one-fourth interest in certain real estate inherited from his mother to his sister, Donna Smith, who gave him a note for $1,000 as part payment, and on the same date Donna Smith gave to Lena C. McCrory a mortgage on this one-fourth interest to secure the sum of $1,000.

On July 15, 1946, the Citizens National Bank in Okmulgee filed this action in the district court of Okmulgee county against C. D. Collins, Donna Smith and husband, Donna Smith and Rita Cox as administratrices of the estate of Ellen M. Collins, deceased, and Lena C. McCrory, for the purpose of having the above mentioned judgment against C. D. Collins declared a lien on his interest in the land inherited by him from his mother, and for the sale thereof to satisfy its judgment. The Bank also prayed for an order restraining the defendants from transferring the interest of C. D. Collins in the Ellen M. Collins estate until the satisfaction of its judgment.

On July 22, 1946, the plaintiff filed an amendment to its petition, alleging the conveyance by C. D. Collins to Donna Smith of his one-fourth interest in the land involved, and that he received from Donna Smith a note for $1,000 as part of the purchase price, and that C. D. Collins had sent this note to the plaintiff bank for collection, and the note and the interest in the Ellen M. Collins estate represented all of the assets of C. D. Collins within the jurisdiction of the court, and prayed that C. D. Collins be restrained from transferring the note to third parties, and that Donna Smith be restrained from paying the note to C. D. Collins. Lena C. McCrory prayed that the note be held until further order of the court, since she held a valid first lien against the one-fourth interest of C. D. Collins in the land by reason of her mortgage from Donna Smith. The court granted the restraining order prayed for, and C. D. Collins filed an answer denying the validity of the judgment of the plaintiff but admitting that he inherited an interest in his mother's estate. The

bank of C. D. Collins in New Mexico had forwarded his note for collection to the plaintiff bank. The attorney filing answer for C. D. Collins was later granted permission to withdraw from the case, and he was not represented further.

C. D. Collins died on June 17, 1947, and on September 16, 1947, an order of revivor was entered, reviving the cause in the names of Sarah Collins and Mary Jane Massey, surviving wife and daughter of C. D. Collins, deceased. On November 25, 1947, an order of revivor was entered in Cause No. 13377, reviving the judgment here sought to be collected by plaintiff bank in the names of Sarah Collins and Mary Jane Massey, the heirs of C. D. Collins, deceased. No effort was made to revive the judgment in the name of the legal representative of C. D. Collins, and it was stated that the plaintiff was not informed as to whether or not legal representatives had been appointed.

It was stipulated that Ellen M. Collins died owning the land involved, and that she died intestate, leaving C. D. Collins and three other children as her sole heirs; that Donna Smith and Rita Cox were appointed administratrices of her estate on May 17, 1946; that no claims had been filed against her estate and no order of distribution had been made; and that C. D. Collins had conveyed his interest in the land involved to Donna Smith for $1,000 cash and a note for $1,000 executed by Donna Smith to C. D. Collins. It was further stipulated that Donna Smith had mortgaged whatever interest she acquired to Lena C. McCrory to secure a note for $1,000.

Plaintiff offered in evidence the petition, summons, and journal entry of judgment in Case No. 13377 against C. D. Collins, here sought to be enforced. Plaintiff also offered in evidence part of the praecipes and executions alleged, and the appearance docket was also offered in evidence to prove the issuance of other executions. These instruments were all objected to as incompetent, irrelevant and immaterial. Transfer of judgment from the Citizens National Bank *of* Okmulgee to the Citizens National Bank *in* Okmulgee was also stipulated.

Defendants' demurrers to the evidence were overruled, and upon their election to stand upon their demurrers, judgment was rendered for plaintiff on March 24, 1948, for $760.10, plus $76 attorney fee and interest, and that the judgment sought to be enforced constituted a superior lien to any right of Donna Smith or her mortgagee, and that plaintiff was entitled to execution and sale of the C. D. Collins one-fourth interest in the land he had conveyed to Donna Smith, subject only to the administration proceedings pending on the estate of Ellen M. Collins, deceased. Separate motions for new trial were overruled, and the defendants have appealed. They urge nine propositions for reversal.

We shall refer to the parties as "plaintiff" and "defendants", as they appeared in the trial court.

It is contended that the assignee of a judgment is the only party who can maintain an action thereon or enforce it by execution. The judgment sought to be enforced in this action was obtained by the Citizens National Bank of Okmulgee in 1925, and in 1925 and 1930 the first executions were issued in the name of the proper plaintiff. In 1933 the judgment was assigned to the First National Bank *in* Okmulgee, but in praecipes for execution thereafter, the style of the case was not changed, and the praecipes were signed by "attorneys for plaintiff." In the proceedings to revive this action, the Citizens National Bank *in* Okmulgee was shown as plaintiff, but in the revivor of the judgment in Cause No. 13377, the plaintiff remained as the Citizens National Bank *of* Okmulgee.

Sec. 235, 12 O. S. 1941, expressly provides:

" . . . In case of any other transfer of interests, the action may be con-

tinued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action."

This court held in Citizens-First National Bank of Independence, Kan., v. Whiting, 112 Okla. 221, 240 P. 641, that:

"Where the original plaintiff in an action sells and assigns its rights and interests in the subject-matter of the action to another, not a party to the action, such other party has the right to prosecute the proceeding in the name of the original plaintiff, or to be substituted as plaintiff and prosecute the proceeding in his own name."

In view of the foregoing statute and ruling, we conclude that it was not necessary for the assignee of the judgment here sought to be enforced to have its name substituted as plaintiff. It was permitted to proceed in the name of the original plaintiff. No effort was made to have the name of the assignee substituted as plaintiff, and we must assume that the court was agreeable to proceeding in the name of the original plaintiff. No substantial right of the defendants is claimed to have been prejudiced by such procedure. Sections 221 and 224, 12 O. S. 1941, provide that every action shall be prosecuted in the name of the real party in interest, except as otherwise provided.

It is next urged that a judgment for money only is a lien on the land of the judgment debtor only from and after the date it is entered on the judgment docket. Sec. 706, 12 O. S. 1941, provides:

"Judgments of courts of record in this state, except county courts, and of the United States rendered within this state, shall be liens on the real estate of the judgment debtor within the county in which the judgment is rendered from and after the time such judgment is entered on the judgment docket. . . ."

We agree with this contention. The question remaining is: Did the plaintiff prove that the judgment against C. D. Collins was in fact entered on the judgment docket? The plaintiff offered in evidence a copy of the journal entry of judgment. Defendants objected to its introduction because it was "incompetent, irrelevant and immaterial." It had not been certified, and it was not identified as a correct copy of the journal entry in case No. 13377. The copy offered and admitted shows on its face that it was entered on "Civ. Jr. 33-158, D. J. compared." It further bore a notation that it was filed in the district court of Okmulgee county, "6-26-1925."

Sec. 25, O.S. 1941, Title 12, provides that the judgment docket shall be kept in the form on an index in which the name of each person against whom judgment is rendered shall appear in alphabetical order, and that it shall be the duty of the clerk, immediately after the rendition of judgment, to enter on the judgment docket a statement of the names of the parties, the amount and nature of judgment, date of rendition, and date of entry on the judgment docket. The judgment docket is not a journal, and is different and distinct from the journal. In re Staples (U.S.D.C. Okla.) 1 Fed. Sup. 620. The same rule was announced by this court in Long Bell Lumber Co. v. Etter, 123 Okla. 54, 251 P. 997. Unless a money judgment is entered on the judgment docket, it does not constitute a lien on the real estate of the judgment debtor, even in the county where the judgment is rendered and recorded in the civil journal. We think the plaintiff failed to introduce sufficient evidence to prove that the judgment was in fact entered on the judgment docket in Okmulgee county. What, then, was the effect of the conveyance by C. D. Collins to Donna Smith on March 26, 1945, and the mortgage by Donna Smith and husband to Lena C. McCrory? If the plaintiff's judgment was not entered on the judgment docket, then it did not constitute a lien on the interest of C. D. Collins in any real estate owned by him. In Richards v. Tynes, 149 Okla. 235, 300 P. 297, this court held that one buying land might look only to the judgment docket, and that judgments of courts of record

are liens only from the date entered on that docket. The same rule was announced in Walters Motor Co. v. Musgrove, 181 Okla. 540, 75 P. 2d 471, and, in the body of that opinion, the court said:

"The fact that the title to the interest of an heir to an estate depends upon the probate procedure for the determination and distribution of the estate does not keep such heir from having an interest in the estate prior to any probate proceedings or distribution of the estate . . . ."

There was no evidence to show that Donna Smith had actual notice of the judgment held by plaintiff against C. D. Collins. In Wilson v. First National Bank of Miami, 184 Okla. 518, 88 P. 2d 628, it was held that a judgment not properly indexed on the judgment docket did not constitute a lien on the land of the judgment debtor in the absence of actual notice of the judgment. The conveyance by Collins of his interest in the land constituting part of his mother's estate was, of course, subject to administration proceedings and distribution at the close of such proceedings.

In Skinner v. Bowlan, 181 Okla. 544, 75 P. 2d 181, this court held that objections to admission of a note in evidence must be presented by specific objections, and that the general objection set out in section 424, O.S. 1941, Title 12, does not apply to objections made to the introduction of documents. Under that rule, the general objections made to the introduction of the various documents—including the journal entry of judgment—offered by the plaintiff, were not sufficient, and no proper objections having been made, the defendants are not in a position to complain in this court of the admissibility of those documents. Unless the plaintiff's money judgment was kept alive by the issuance of valid executions, it could not be held to constitute a valid lien against any property of the judgment debtor, because a dormant judgment ceases to be a lien against real property. Fidelity & Deposit Company of Maryland v. DeGraw, 198 Okla. 368, 178 P. 2d 885.

The evidence offered to prove that the judgment sued upon was entered on the judgment docket is not the best evidence that must be available, and is so incomplete and uncertain that we are unable to arrive at any definite conclusion upon this vital question. The duty of the clerk to enter judgments on the judgment docket is clear and mandatory. However, we do not feel justified, with the record before us, in assuming that the clerk did or did not perform this duty. It is true that the law presumes that public officers perform their duty, but such presumption will not be indulged where it is sought to take away personal rights of a citizen or deprive him of his property or place a charge or lien thereon. Watkins v. Havighorst, 13 Okla. 128, 74 P. 318. If the judgment was not so entered, the plaintiff's cause of action must fail. Since the cause must be reversed and remanded for a new trial, we shall briefly state our views upon some of the other questions that are likely to arise upon retrial.

Secs. 1061 to 1079, 12 O.S. 1941, cover revivor of actions and judgments in courts of record. Sec. 1069 is as follows:

"Upon the death of a defendant in an action, wherein the right, or any part thereof, survives against his personal representatives, the revivor shall be against them; and it may also be against the heirs and devisees of the defendant, or both, when the right of action, or any part thereof, survives against them."

Plaintiff claims that its right to revive this action in the names of the heirs of C. D. Collins is found in section 1061, 12 O.S. 1941, wherein it is provided:

"Where there are several plaintiffs or defendants in an action, and one of them dies, or his powers as a personal representative cease, if the right of action survive to or against the remain-

ing parties the action may proceed, the death of the party or the cessation of his powers being stated on the record."

The defendants, other than C. D. Collins, claimed an interest in the subject matter of the litigation, and the action survived against them, and, as provided in section 1069 above quoted, the revivor may be against both the legal representatives and the heirs and devisees, where the right of action survives against them. The heirs of C. D. Collins were interested in the note involved, because it constituted an asset of his estate.

Defendants contend that a judgment does not become a lien on inherited real property until such property is distributed. It was announced in Oil Well Supply Co. v. Cremin, 143 Okla. 57, 287 P. 414, 68 A.L.R. 1471, that:

"A judgment duly entered is a lien on the inherited interest of the judgment debtor, but it is a lien only on that interest and is not a lien upon the land itself, and becomes a lien only upon the land distributed to the judgment debtor, at which time it relates back to the time of its entry on the judgment docket."

In Smyth v. Smyth, 198 Okla. 478, 179 P. 2d 920, this court upheld an award of alimony against an heir when his inherited interest had not yet been distributed, but was in the process of administration.

In Davis v. Morgan, 186 Okla. 30, 95 P. 2d 856, it was held that title passing to an heir of an intestate vests immediately, citing Seal v. Banes, 168 Okla. 550, 35 P. 2d 704. However, such inherited interest prior to distribution is subject to the control of the probate court and the possession of the administrator, as provided in sec. 212, 84 O.S. 1941. If the plaintiff had a lien against the interest of C. D. Collins, it could attach only after distribution, which had not been made when judgment was rendered.

We find no merit in the contention that since plaintiff first asserted a lien on the interest of C. D. Collins in the land, it has waived such claim by asserting a claim against the note of C. D. Collins sent to plaintiff bank for collection. The plaintiff and Lena C. McCrory did secure a restraining order which, in effect, kept the note within the jurisdiction of the court, and in its present status, but plaintiff has not abandoned its claim of a judgment lien against the land.

The claim that on the death of the judgment debtor, where judgment is for money only, no execution may be issued, but the claim for the judgment obligation must be filed with the executor or administrator, cannot be sustained under the circumstances of this case, for the reason that C. D. Collins in his lifetime had conveyed away his interest in the land involved, and such interest would not pass to his estate in the absence of fraud in the conveyance.

It is claimed that the plaintiff failed to meet its burden of proving that its judgment had been kept alive by the issuance of executions. The best evidence to prove this fact would be found in the execution docket, which was not offered, but defendants made only general objections, which were not sufficient.

Under the provisions of sections 1067, 1069, and 1070, we think the plaintiff's revivor of proceedings was sufficient.

Defendants contend that the judgment in cause No. 13377 was a joint judgment, because it provides in part:

" . . . and judgment is further rendered in favor of plaintiff's attorney aforesaid, and against the defendant C. D. Collins, for $76.00 as attorney's fees herein."

The note clearly provided for 10% attorney's fee. The attorney representing the plaintiff bank was not a party to the action, and a personal judgment could not be rendered in his favor, but the judgment for attorney's fee was intended for the benefit of the bank,

and we think this irregularity was harmless error and did not make the judgment a joint judgment. The amount awarded for attorney's fee was due by defendant, and had the judgment been in favor of the bank for the total amount due under the terms of the note, the attorney representing the bank would presumably have been entitled to and have received the $76 awarded.

The judgment is reversed, with instructions to grant the defendants a new trial in accordance with the views herein expressed.

LUTTRELL, V. C. J., and WELCH, CORN, DAVISON, JOHNSON, and O'NEAL, JJ., concur.