SMITH et al.
v.
CITIZENS NAT. BANK IN OKMULGEE.
No. 35576.

Supreme Court of Oklahoma.
Sept. 29, 1953.
Rehearing Denied Dec. 22, 1953.

Robert R. Smith, Tulsa, for plaintiffs in error.

Steele & Boatman, Okmulgee, for defendant in error.

DAVISON, Justice.

The Citizens National Bank in Okmulgee, Oklahoma, as plaintiff, filed this suit against the defendants, C. D. Collins, sometimes known as Charles Dana Collins, Donna Smith, Robert R. Smith, Lena C. McCrory, and Donna Smith and Rita Cox, Administratrices of the Estate of Ellen M. Collins, deceased, seeking satisfaction of a money judgment against the above named C. D. Collins theretofore rendered in favor of plaintiff's assignor. The parties will be referred to as they appeared in the trial court.

This is the second time this case has been before this court. In the former opinion, Smith v. Citizens National Bank in Okmulgee, 204 Okl. 586, 232 P.2d 618, 619, the facts, insofar as they are here applicable, were stated as follows:

"On June 26, 1925, The Citizens National Bank of Okmulgee obtained a money judgment against C. D. Collins in the District Court of Okmulgee County for $760.10 and $76 attorney fees. The case was No. 13,377. In 1933 this judgment was assigned to The Citizens National Bank in Okmulgee. Executions were issued in 1925, 1930, 1935, 1940, 1945, and 1946, and all returned 'no property found.' After the assignment of the judgment, no change was made in the style of the case, nor in the praecipes or executions, in which the word 'plaintiff' was used.

"On April 24, 1945, Ellen M. Collins, the mother of the judgment debtor C. D. Collins, died intestate, leaving as her heirs C. D. Collins and three other children. Two of her children, Donna Smith and Rita Cox, qualified as administratrices of the estate of Ellen M. Collins, deceased, in the County Court of Okmulgee County, where she left certain real estate.

"On March 26, 1946, C. D. Collins conveyed his one-fourth interest in certain real estate inherited from his mother to his sister, Donna Smith, who

gave him a note for $1,000 as part payment, and on the same date Donna Smith gave to Lena C. McCrory a mortgage on this one-fourth interest to secure the sum of $1,000.

"On July 15, 1946, The Citizens National Bank in Okmulgee filed this action in the District Court of Okmulgee County against C. D. Collins, Donna Smith and husband, Donna Smith and Rita Cox as administratrices of the estate of Ellen M. Collins, deceased, and Lena C. McCrory, for the purpose of having the above mentioned judgment against C. D. Collins declared a lien on his interest in the land inherited by him from his mother, and for the sale thereof to satisfy its judgment. The Bank also prayed for an order restraining the defendants from transferring the interest of C. D. Collins in the Ellen M. Collins estate until the satisfaction of its judgment.

"On July 22, 1946, the plaintiff filed an amendment to its petition, alleging the conveyance by C. D. Collins to Donna Smith of his one-fourth interest in the land involved, and that he received from Donna Smith a note for $1,000 as part of the purchase price, and that C. D. Collins had sent this note to the plaintiff bank for collection, and the note and the interest in the Ellen M. Collins estate represented all of the assets of C. D. Collins within the jurisdiction of the court, and prayed that C. D. Collins be restrained from transferring the note to third parties, and that Donna Smith be restrained from paying the note to C. D. Collins. Lena C. McCrory prayed that the note be held until further order of the court, since she held a valid first lien against the one-fourth interest of C. D. Collins in the land by reason of her mortgage from Donna Smith. The court granted the restraining order prayed for, and C. D. Collins filed an answer denying the validity of the judgment of the plaintiff but admitting that he inherited an interest in his mother's estate. The bank of C. D. Collins in New Mexico had forwarded his note for collection to the plaintiff bank. The attorney filing answer for C. D. Collins was later granted permission to withdraw from the case, and he was not represented further.

"C. D. Collins died on June 17, 1947, and on September 16, 1947, an order of revivor was entered, reviving the cause in the names of Sarah Collins and Mary Jane Massey, surviving wife and daughter of C. D. Collins, deceased. On November 25, 1947, an order of revivor was entered on Cause No. 13,-377, reviving the judgment here sought to be collected by plaintiff bank in the names of Sarah Collins and Mary Jane Massey, the heirs of C. D. Collins, deceased. No effort was made to revive the judgment in the name of the legal representative of C. D. Collins, and it was stated that the plaintiff was not informed as to whether or not legal representatives had been appointed."

Other facts were somewhat different on the second trial and will be outlined here. After remand of the cause, the defendant, Donna Smith filed a general and special demurrer. She then filed an amendment to her answer alleging dormancy of the money judgment against C. D. Collins, the bar of the statute of limitations, failure to present claim against the estate of C. D. Collins, failure to appoint administrator of the estate of said decedent within three years of his death, defect of parties defendant in that representative of estate of said decedent was a necessary party, failure to properly revive the money judgment and also the instant action and failure to file amended petition after death of C. D. Collins. Plaintiff, by amendment to petition, alleged the issuance of execution in 1948, in case number 13,377.

Upon trial, there was introduced in evidence the petition, the summons, the journal entry of judgment, judgment docket showing record of judgment therein, execution dockets showing issuance of various executions herein above mentioned including the one in 1948 referred to in the amendment to petition, all in the first action wherein the money judgment was rendered. There was further put in evidence,

the assignment of the early judgment to the plaintiff herein as was also the proceedings for revivor of the judgment. Following the introduction of the exhibits, the parties stipulated to the same facts and otherwise proceeded the same as in the former trial outlined in the former opinion of this court as follows:

"It was stipulated that Ellen M. Collins died owning the land involved, and that she died intestate, leaving C. D. Collins and three other children as her sole heirs; that Donna Smith and Rita Cox were appointed administratrices of her estate on May 17, 1946; that no claims had been filed against her estate and no order of distribution had been made; and that C. D. Collins had conveyed his interest in the land involved to Donna Smith for $1,000 cash and a note for $1,000 executed by Donna Smith to C. D. Collins. It was further stipulated that Donna Smith had mortgaged whatever interest she acquired to Lena C. McCrory to secure a note for $1,000. * * *

"Defendants' demurrers to the evidence were overruled, and upon their election to stand upon their demurrers, judgment was rendered for plaintiff on March 24, 1948, for $760.10, plus $76 attorney fee and interest, and that the judgment sought to be enforced constituted a superior lien to any right of Donna Smith or her mortgagee, and that plaintiff was entitled to execution and sale of the C. D. Collins one-fourth interest in the land he had conveyed to Donna Smith, subject only to the administration proceedings pending on the estate of Ellen M. Collins, deceased. Separate motions for new trial were overruled, and the defendants have appealed. * * *"

The trial court rendered judgment for plaintiff and the defendants have appealed.

 This court has long "adhered to the rule that the decision of this court upon questions of law in a former appeal between the same parties and as to the same subject matter is the law of the case, controlling upon this court in a subsequent appeal. Amerada Petroleum Corporation v. Elliff, 171 Okl. 38, 41 P.2d 850; Empire Oil and Refining Co. v. Fields, 188 Okl. 666, 112 P.2d 395; Id., 314 U.S. 572, 62 S.Ct. 79, 86 L.Ed. 463; Safeway Stores, Inc., v. Fuller, 193 Okl. 237, 142 P.2d 849. In the latter case we held in the syllabus: "The decision on first appeal is 'law of case' in all subsequent stages, and will not ordinarily be reviewed on second appeal, where facts are substantially the same." Pinkerton v. Carter, 197 Okl. 95, 169 P.2d 192.

In the case at bar, all propositions urged by the defendants for reversal were discussed and determined upon the former appeal, except for two. It will, therefore, not be necessary to pass upon them again. The opinion on the former appeal has become the law of the case.

One of the propositions, urged at this time by the defendant, Donna Smith, and not heretofore determined, is that the revivor of the original money judgment was not effective because she was not served with notice of the revivor; that, because she was a terre-tenant service of the notice upon her was necessary. Cited to support the proposition are cases from other jurisdictions dealing with the writ of scire facias. They have no application to the case at bar. Section 1066 of Title 12 O.S.1951 provides for notice to the representatives or successors of a deceased party before revivor of the action without their consent. It does not provide for nor contemplate notice to persons who are not parties to the action.

Defendant's next proposition is stated as follows: "We submit that the exhibit shows on page 59 of said docket a judgment against C. D. Collins but same does not show that the name of C. D. Collins appears in alphabetical order in the form of an index." That position is not well taken. The record discloses that the original money judgment against C. D. Collins was entered in the judgment docket of the court under the name of "Collins, C. D." The Statute, 12 O.S.1951, § 25, requires that in the judgment docket, "the name of each person against whom judg-

ment is rendered shall appear in alphabetical order * * *." The evidence here presented was sufficient to show that the judgment was regularly docketed under the name "Collins". Until there was evidence to the contrary, that was sufficient to discharge the burden of proof of compliance with statute. By Section 706 of Title 12 O.S.1951, it is provided that a judgment is a lien upon the realty of the defendant "from and after the time such judgment is entered on the judgment docket". The proof here shows that the judgment was so entered.

The judgment is affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, ARNOLD, O'NEAL and WILLIAMS, JJ., concur