Donna SMITH, Rita Cox, and C. B. McCrory, executor of the estate of Florence Johns, deceased; and Donna Smith and Rita Cox, administratrices of the estate of Ellen M. Collins, deceased, Plaintiffs in Error,

v.

The CITIZENS NATIONAL BANK IN OKMULGEE, Oklahoma, Defendant in Error.

No. 37511.

Supreme Court of Oklahoma.
June 25, 1957.
As Amended July 11, 1957.

Robert R. Smith, Tulsa, for plaintiffs in error.

Steele & Boatman, Okmulgee, for defendant in error.

CARLILE, Justice.

This is an appeal from a final decree of distribution in the matter of the estate of Ellen M. Collins, deceased. The plaintiffs in error have elected to proceed upon the original record, as provided by Title 12, §§ 956–956.10, inclusive, O.S.1951, 1955 Supp.

Ellen M. Collins died intestate in April, 1945, while a resident of Okmulgee County, and left surviving four children, Donna Smith, Rita Cox, Florence Johns and C. D. Collins. Her estate consisted of an apartment building in Okmulgee, appraised at $11,000, and furniture therein at $1,000. Also a note executed by C. D. Collins dated November 18, 1929 for $7,000, with a $50 credit thereon. No appraised value is given on the note listed in the inventory. Donna Smith and Rita Cox were appointed administratrices of the estate. On March 26, 1946 C. D. Collins conveyed to his sister, Donna Smith, such right and interest as he had in the real estate owned by his mother, Ellen M. Collins, at the time of her death. On June 6, 1925 The Citizens National Bank of Okmulgee obtained a judgment against the said C. D. Collins for the sum of $760.-10, on which executions were issued and returned "No property found". In July, 1946 The Citizens National Bank in Okmulgee, as assignee of the judgment owned by The Citizens National Bank of Okmulgee, filed an action in the District Court of Okmulgee County against C. D. Collins, Donna Smith et al., to enforce the judgment and prayed that Collins be restrained, pending further order of the court, from transferring the $1,000 note given him by Donna Smith in part payment for his interest in the real estate, which order was granted.

In June, 1947 C. D. Collins died and the action and the judgment against Collins were revived in the names of his surviving wife and daughter. In March, 1948 judgment was rendered in the action for the plaintiff for $760.10, and a holding made that the judgment constituted a superior lien to any right of Donna Smith, and that the plaintiff bank was entitled.to execution and sale of C. D. Collins' interest in the land which he had conveyed to Donna Smith, subject to the administration proceedings pending in the estate of Ellen M.

Collins, deceased. The defendants appealed from the judgment and sought a reversal thereof on the grounds set forth in the opinion rendered by this court in Smith v. Citizens National Bank, 204 Okl. 586, 232 P.2d 618, wherein the judgment of the trial court was reversed with directions to grant the defendants a new trial because of the failure of the plaintiff to prove that the judgment sued on was entered on the judgment docket. Upon remand of the case a re-trial was had, resulting in a judgment for plaintiff, which judgment was affirmed on appeal in Smith v. Citizens National Bank in Okmulgee, Okl., 264 P.2d 333.

On July 19, 1954 a hearing was had in the County Court of Okmulgee County on the final report and petition for distribution of the estate of Ellen M. Collins, deceased. The final account was approved and the County Court decreed that all of the property of the estate be distributed to Donna Smith, Rita Cox, and Florence Johns, one-third interest to each, and further held:

"The court further finds that the exceptions filed by the Citizens National Bank in Okmulgee are not well taken and should be overruled; the court further finds from the evidence that C. D. Collins was indebted and is indebted to the estate of Ellen M. Collins in the amount of $7000.00 plus interest thereon at the rate of 10 per cent from November, 1929; that said indebtedness and no part thereof has been paid either to the said Ellen M. Collins in her lifetime and has not been paid to these administratrices since the death of the said Ellen M. Collins; that the said C. D. Collins or his heirs are found to already have in their hands more than their share which might otherwise have been distributed him or them and the court finds that no part of the assets, real or personal, of said estate is due the said C. D. Collins or his heirs."

The Citizens National Bank gave written notice of appeal from the judgment of the County Court, the grounds of appeal being in part as follows:

"That the court erred as a matter of law in its order that the claim of said estate against C. D. Collins was superior to the judgment lien of said Bank against the interest of C. D. Collins.

"The court erred in entering its order that the statute of limitations had not run against the claim that Ellen M. Collins and the estate had against C. D. Collins.

"The court erred in overruling the exceptions of The Citizens National Bank to the final account of administratrices."

On appeal to the District Court the case was transferred to the Superior Court. The appellees moved to dismiss the appeal of the Bank from the decree of the County Court on the ground that the notice of appeal does not state whether the appeal is taken on a question of fact or law, or on both, which motion was overruled. On June 5, 1956, after a hearing of the matter on appeal, the Superior Court reversed the judgment of the County Court and adjudged and decreed that The Citizens National Bank in Okmulgee should be distributed an undivided one-fourth interest in the said real property of the estate of Ellen M. Collins, deceased, and the remainder in equal shares to the heirs of decedent. Donna Smith and Rita Cox, individually, and as administratrices of the estate of Ellen M. Collins, deceased, and C. B. McCrory, executor of the estate of Florence Johns, deceased, excepted to the decree and gave notice of appeal and have filed their petition in error herein and set forth nine assignments of error, all of which except the first, which challenges the sufficiency of the appeal from the County Court, are based on the judgment of the Superior Court awarding The Citizens National Bank an undivided one-fourth share or interest in the real estate involved. C. B. McCrory, executor of the estate of Florence Johns, deceased, died and Robert R. Smith was appointed in his stead. It was stipulated by the parties to the proceeding that C. D. Collins became indebted to his mother,

Ellen M. Collins, in 1929 for the sum of $7,000, evidenced by note, and that only $50 of the amount had been paid. Such indebtedness was in excess of the share and amount which C. D. Collins would otherwise have been entitled to receive as an heir of his mother. The record further shows that the right or interest of C. D. Collins in the real property of the estate was sold in January, 1954 to The Citizens National Bank in Okmulgee and sheriff's deed issued pursuant to a judgment in favor of the bank against Collins.

■ The first and second propositions presented and argued in the brief of the plaintiffs in error are stated as follow:

"The equitable right of retainer exists and the County Court has jurisdiction under distribution of an estate of a deceased person to determine the indebtedness of an heir to the estate and to order a deduction of the same from his share.

"Statutes of Limitation do not apply to right to retain amount of indebtedness * * *."

The plaintiffs in error, in support of these propositions, cite the case of In re Dayton's Estate, 173 Okl. 180, 46 P.2d 933, which holds:

"The probate court having jurisdiction to make settlement and distribution of a decedent's estate may determine the share of each distributee, and, to that end, can inquire into and determine the indebtedness of the distributee to the estate, and order a deduction of the same from his share."

■ Also, the case of In re Dorris' Estate, Okl., 292 P.2d 399, 402, in which the trial court held that certain unpaid notes executed by an heir of the decedent were chargeable against the proportionate share of the heir in the estate of the decedent, and we quote the following from the opinion:

"The contention of the plaintiff in error relative to the error of the trial court in charging to James Ray Dorris as advancements certain promissory notes and excluding him from sharing in said estate is without merit. The very fact that deceased required plaintiff in error to execute the notes and mortgages and retained them is evidence tending to show that it was decedent's purpose that they be charged against the distributive share of plaintiff in error in his estate. Whether they be considered as advancements or as debts due and unpaid is immaterial. The often repeated maxim that 'equity imputes an intention to fulfill an obligation' is peculiarly applicable to this case. The rule is stated by the Supreme Court of Kansas in the case of Holden v. Spier, 65 Kan. 412, 70 P. 348, as follows: 'The probate court having jurisdiction to make settlement and distribution of a decedent's estate may determine the share of each distributee, and, to that end, can inquire into and determine the indebtedness of the distributee to the estate, and order a deduction of the same from his share.' And we further hold that this equitable right to retain the debt of a distributee from his distributive share is not affected by the lapse of time and the deduction of the debt should be made although an action to recover the same would be barred by the statute of limitation. It is the plain moral, as well as legal, duty of the debtor to pay his debt to the estate."

34 C.J.S. Executors and Administrators § 494, p. 390, reads:

"As a general rule an executor or administrator has the right to and should retain from a legacy or distributive share the amount of any indebtedness which may be due to the estate by the legatee or distributee, and this rule applies as against an assignee of the legatee or distributee, or a person otherwise succeeding to his interest, such as next of kin, or a substituted legatee."

Title 58, § 251, O.S.1951, requires an executor or administrator to take into his possession all of the estate of the decedent,

real or personal except the homestead and personal property not assets, and collect all debts due to the decedent or to the estate. Statutes of Limitation affect the remedy only and are matters of procedure and not of substantive right. Clark v. Keith, 103 Okl. 20, 229 P. 613.

"Administrator held entitled to retain out of, and charge against, distributive share of heir the amount of heir's debt on notes payable to deceased, though action on notes was barred by limitation before deceased's death (Rem.Rev. Stat. § 155)." In re Smith's Estate, 179 Wash. 287, 38 P.2d 244.

■ The first and second propositions by plaintiffs in error are supported by the record and the cited authorities. The third and fourth propositions presented by plaintiffs in error are as follow:

"An indebtedness owing by an heir to his ancestor on final settlement constitutes an equitable lien superior to the lien of a judgment creditor of said heir.

"A money judgment against an heir is not a lien upon the inherited interest of judgment debtor unless and until the land is distributed to the judgment debtor."

The propositions are supported by the following authorities: 21 Am.Jur. 642, Sec. 465, states:

"In cases in which the right of retention of indebtedness to the estate is recognized, such right may be asserted against a legatee's or distributee's general creditors, attachment creditors, or judgment creditors and purchasers on execution."

Smith v. Citizens Nat. Bank in Okmulgee, 204 Okl. 586, 232 P.2d 618, 619, previously referred to herein, holds:

"A judgment entered upon the judgment docket is a lien upon the inherited interest of the judgment debtor in the estate, but is not a lien upon the land itself, unless and until the land is distributed to the judgment debtor, when it relates back to the time of its entry on the judgment docket."

Oil Well Supply Co. v. Cremin, 143 Okl. 57, 287 P. 414, 68 A.L.R. 1471, holds in part as follows:

"The probate procedure of the state controls the manner of passing of the title to the real estate, and the heir is dependent for his title, not only upon the statutes of succession, * * * but upon the probate procedure, for the determination and distribution thereof."

Wilson v. Channell, 102 Kan. 793, 175 P. 95, 1 A.L.R. 987, holds:

"An indebtedness owing by an heir to his ancestor, remaining unpaid on the final settlement of the estate, constitutes an equitable lien upon such heir's distributive share of the real property belonging to the estate, superior to the lien of a judgment existing and docketed against him at the time of the death of his ancestor; and, after such final settlement, the interests of the other heirs in the real property are paramount to the lien of the judgment creditor."

■ The fifth and sixth propositions stated and argued by plaintiffs in error are to the effect that the notice of appeal from the judgment of the County Court and the appeal bond are insufficient to meet the requirements of 58 O.S.1951 §§ 725 and 726. Section 725 requires that the notice of appeal state whether the appeal is on a question of law or of fact, or of both, and if law alone, the particular grounds relied upon. We have examined the notice and the bond, as copied in the brief of plaintiffs in error, and observe that the notice sets forth eight specific grounds of appeal, which we consider sufficient compliance with the statute under the record shown. No decision to the contrary is cited.

■ It is argued that the appeal bond was insufficient because the names of the individual heirs were not included with the administratrices as opposite parties to whom the principal is obligated to pay any damages sustained by reason of the appeal. Failure to include the names of the heirs

in the bond as opposite parties would not affect the appeal or jurisdiction of the Superior Court as to the administratrices. Furthermore, if valid objection had been made to the bond in the Superior Court the appellant would have been entitled to amend the same. Harjo v. Aubrey, 184 Okl. 344, 87 P.2d 140.

■ The seventh proposition stated by plaintiffs in error is that the Superior Court had no jurisdiction to determine title to the real property involved as between the heirs and third parties.

In In re Griffin's Estate, 199 Okl. 676, 189 P.2d 933, 936, this court refers to the ancillary and incidental powers of a probate court necessary to an effective exercise of the powers conferred, and in the opinion states:

"The cases holding that the court exercising probate jurisdiction may not try title to lands involved controversies wherein third parties were claiming adversely to the estate. We have found no case holding that the county court may not decide disputes as to title between those claiming as heirs or devisees of the decedent."

In the present case The Citizens National Bank claimed a judgment lien on the interest of its judgment debtor in the estate of the decedent, and the bank was not a third party claiming title adversely to the estate. See also opinion in In re Dayton's Estate, supra.

■ Under their ninth proposition plaintiffs in error make the following statement in their brief:

"There is no evidence in the record upon which to base any finding by the Superior Court that any of the three heirs or the administratrices ever recognized that C. D. Collins should be distributed an interest in his mother's property."

We have read the judgment of the Superior Court, as incorporated in the original brief of plaintiffs in error, and observe that the only statement in the judgment on the point is to the effect that the court found that the administratrices never considered the indebtedness due the estate from C. D. Collins as an asset of the estate and never placed any value on same. The undenied statement in the brief of plaintiffs in error is that the C. D. Collins' indebtedness to his mother's estate was listed in the inventory of the estate and the quoted testimony of Rita Cox, an heir of decedent, was that his mother tried to get C. D. Collins to pay the debt every time he came home. The administratrices of the estate were required by statute to collect all debts due the estate. We see no evidence or circumstance to justify a holding that the administratrices and the heirs of decedent did not consider the indebtedness of C. D. Collins to his mother to be an asset of her estate.

■ Plaintiffs in error, as a tenth proposition, make the statement in their brief that one having or claiming title to land may, for security or peace of mind, purchase an outstanding or adverse claim of title without estopping himself to deny its validity and say that Donna Smith did so when she purchased such interest as C. D. Collins had in the real property. Whatever may have been her reason for doing so, it did not affect the control of the County Court over the property for the purpose of administration, including distribution thereof. Oil Well Supply Co. v. Cremin, supra.

The eighth proposition in the brief of plaintiffs in error is that the judgment of the Superior Court is contrary to the law and evidence. We agree that the judgment is contrary to the law and evidence insofar as it sets aside the decree of distribution of the County Court and awards The Citizens National Bank in Okmulgee an undivided one-fourth share and interest in the real property of the estate.

It was established that C. D. Collins was indebted to the decedent, Ellen M. Collins, and her estate, that a deduction of such indebtedness from the debtor's share of the estate was valid, and in accord with prior decisions of this court; that such indebtedness was in excess of any share or interest which the heir would have been entitled to receive if he had not been indebted to the

estate, and C. D. Collins, his heirs, assignee and judgment creditor, as such, were not entitled to a distributive share in the estate of the decedent.

We find and hold as a matter of law, that the judgment, order and decree of distribution in the matter of the estate of Ellen M. Collins, deceased, rendered in the County Court of Okmulgee County was valid, and that the Superior Court erred in reversing the same and adjudging and decreeing one-fourth of the real property of the decedent to The Citizens National Bank in Okmulgee.

The judgment of the Superior Court of Okmulgee County is reversed and the cause remanded to the Superior Court with directions to affirm the judgment, order and decree of distribution of the County Court of Okmulgee County in the matter of the estate of Ellen M. Collins, deceased.

CORN, V. C. J., and HALLEY, JOHNSON, WILLIAMS and JACKSON, JJ., concur.

DAVISON and BLACKBIRD, JJ., dissent.