The Attorney General is in receipt of your request for an opinion wherein you ask, substantially, the following question: Does the notice requirement set out in Title 12 O.S. 180 [12-180] and 12 O.S. 180.1 [12-180.1] (1978) act as a lien on property which may or may not be the subject of a lawsuit if the abstractor includes any litigation effecting the owner within the title search. As amended, 12 O.S. 180 [12-180] (1978) applies to the filing of a petition as notice of suit and provides: "When the petition has been filed, the action is pending, so as to charge third persons with notice of its pendency, and while pending no interest can be acquired by third persons in the subject matter thereof as against the plaintiff's title; but such notice shall be of no avail unless the summons be served or the first publication made within sixty (60) days after the filing of the petition. If real property is involved, notice shall be filed as provided in 12 O.S. 180.1 [12-180.1]." As amended, 12 O.S. 180.1 [12-180.1] (1978) now provides: "No action pending in either state or federal court shall constitute notice with respect to any real property until such time as a notice of the filing of such action, identifying the case and the court in which it is pending, and giving the legal description of the land effected by the action, is filed in the office of the county clerk where said land is situated." The legal principal dealt with in 12 O.S. 180.1 [12-180.1] is that of lis pendens. Although the doctrine of lis pendens has been construed as an element of the law of notice, valid lis pendens can only arise from litigation concerning some specific thing which will be effected by the termination of the suit. 12 O.S. 180.1 [12-180.1], as amended, specifically refers to actions in which certain described property is effected by the action. The Legislature has amended 12 O.S. 706 [12-706] (1971), which indicates when a judgment is to become a lien on the real estate of the judgment debtor. Title 12 O.S. 706 [12-706] (1978) now provides: "Judgments of courts of record of this state and of the United States shall be liens on the real estate of the judgment debtor within a county from and after the time a certified copy of such judgement has been filed in the office of the county clerk in that county. No judgment whether rendered by a court of the state or of the United States shall be a lien on the real estate of a judgment debtor in any county until it has been filed in this manner. Execution shall be issued only from the court in which the judgment is rendered." The Supreme Court has construed 12 O.S. 706 [12-706] (1971) as controlling when a money judgment constitutes a lien on the real property of the judgment debtor. In Smith v. Citizens National Bank in Okmulgee, 204 Okl. 586, 232 P.2d 618 (1951), it was held: "Unless a money judgment is entered on the judgment docket it does not constitute a lien on the real estate of the judgment debtor, even in the county where the judgment is rendered and recorded in the civil journal." The Smith case was cited in Knight vs. Armstrong, Okl. 303 P.2d 421
(1956), where the Court held: "A judgment for money only does not become a lien on realty of judgment debtor unless and until it is duly entered upon the judgment docket of the county in which the real property is located." It is, therefore, the opinion of the Attorney General that your question should be answered as follows: Notice of a pending action as set out in 12 O.S. 180 [12-180] (1978) and 12 O.S. 180.1 [12-180.1] (1978) does not act as a lien on real property. (VICTOR G. HILL, JR.) (ksg)